[No. 15625.    Department One.—December 15, 1894.]
GOLDEN GATE LUMBER COMPANY et al., RE-
SPONDENTS, v. CHARLES SAHRBACHER, APPEL-
LANT.

BUILDING CONTRACT—RIGHT OF CONTRACTOR TO ABANDON WORK.—Non-
payment of an installment price when due is such a breach of the con-
tract as to justify a contractor in leaving the work and recovering upon
a *quantum meruit*, but if the contractor has not performed the contract
according to its terms when he demands payment of an installment,
then it is not due, and he is not justified in leaving the work.

ID.—EFFECT OF ABANDONMENT WITHOUT CAUSE—MECHANICS' LIENS.—If
the contractor leaves the work without cause it is an abandonment of
the contract such as is contemplated by section 1200 of the Code of
Civil Procedure, and the rights of materialmen and subcontractors will
will be measured by the provision of that section.

ID.—MATERIAL DEPARTURE FROM SPECIFICATIONS.—Where the contract
called for lathes one and one-quarter inches wide, and lathes one and one-
half inches wide were used, and the contract called for No. 1 rustic and
the best quality of joists and studding, and the contractor used second
quality of joist and studding and No. 2 rustic, there is a substantial and
material departure from the specifications of the contract.

ID.—BREACH OF CONTRACT—EVIDENCE—FAIR AVERAGE JOB.—The evidence
of carpenters and architects to the effect that, as far as the work had
progressed at the time the contractor had left the building, it was a fair
average job for that class of building, does not meet the issue made as to
whether there was a substantial breach of the contract.

ID.—REFUSAL TO HEAR ORAL ARGUMENTS—PRIVILEGE TO FILE BRIEFS—
DISCRETION.—The court, in deciding a case, has a right, in the exercise
of its discretion, to decline to hear oral arguments of the case and to
give the attorneys the privilege of filing briefs instead.

ID.—COSTS—PERCENTAGE.—In an action to foreclose liens of materialmen
and subcontractors in the city and county of San Francisco the plain-
tiffs, as the prevailing parties, are entitled to recover as costs the per-
centage on the amount recovered fixed by the act of February 9, 1866.

APPEAL from a judgment of the Superior Court of
the City and County of San Francisco and from an
order denying a new trial.

The facts are stated in the opinion of the court.

*Davis Louderback*, for Appellant.

A failure to pay an installment is not prevention.
(*Cox* v. *McLaughlin*, 63 Cal. 205.) The exercise of an
option that nonpayment of an installment is prevention

is in the nature of a forfeiture, and is to be strictly con-
strued.  To exercise such an option in this case it was
necessary for the contractor to prove that he himself has
fully performed the contract on his part.  (*Booth* v.
*Chapman,* 59 Cal. 153; *Peasley* v. *Hart,* 65 Cal. 524;
*Smith* v. *Brady,* 17 N. Y. 186; 72 Am. Dec. 442.)  The
court erred in refusing to hear oral argument and sub-
mitting the case upon briefs, as the defendant had an
absolute right to have his counsel argue the case on all
points and questions of fact and law.  (*Houck* v. *Gue,*
30 Neb. 113; *Douglass* v. *Hill,* 29 Kan. 528; *McMath* v.
*State,* 55 Ga. 303; *Warmock* v. *State,* 56 Ga. 503; *Ran-
sone* v. *Christian,* 56 Ga. 351; *Garrison* v. *Wilcoxson,* 11
Ga. 158, 159; *Walker* v. *State,* 32 Tex. Cr. App. 175;
*Carruthers* v. *McMurray,* 75 Iowa, 173; Proffatt on Jury
Trials, sec. 248; Cooley on Constitutional Limitations,
6th ed., 404; *Knight* v. *Russ,* 77 Cal. 414.)

*Parker & Eells,* for Respondents.

The failure of the owner to pay the installments as stip-
ulated justified the contractor in ceasing work, and gave
him a right to consider the contract at an end, cease
work, and recover the value of the work already per-
formed.  (*Cox* v. *McLaughlin,* 52 Cal. 591; 54 Cal. 607;
63 Cal. 205; 76 Cal. 60; 9 Am. St. Rep. 164; *Joyce* v.
*White,* 95 Cal. 236; *Canal Co.* v. *Gordon,* 6 Wall. 561;
*Scheible* v. *Klein,* 89 Mich. 376; *Flaherty* v. *Miner,* 123
N. Y. 389; *Geary* v. *Bangs,* 37 Ill. App. 301; *Porter* v.
*Arrowhead Reservoir Co.,* 100 Cal. 500.)  Percentage was
properly allowed in the bill of costs.  (*Fanning* v. *Levis-
ton,* 93 Cal. 188; *Packard* v. *Wilson,* 72 Cal. 124.)

Garoutte, J.—Plaintiffs recovered judgment as mate-
rialmen and subcontractors foreclosing liens upon the
building of defendant, and this appeal is taken from
the judgment and order denying the motion for a new
trial.

The contract price was four thousand dollars, pay-
able in four equal installments as the work progressed.

The first payment was due when the building was framed, and the second payment when the brown coat of mortar was on. In due time the contractor received his first installment of the contract price, and, when the brown coat of mortar was on, demanded payment of the second installment. The owner refused to make the second payment, and thereupon the contractor declined to proceed further with the work, and the building was subsequently finished by third parties. Nonpayment of an installment of the contract price when due is such a breach of the contract as to justify a contractor in leaving the work and recovering upon a *quantum meruit.* (*Porter* v. *Arrowhead Reservoir Co.*, 100 Cal. 500.) Was the contractor entitled to receive the second installment of money? In other words, was the second installment due? And the answer to that interrogatory is solely dependent upon a determination of the fact as to whether or not the contractor had progressed with the building according to the plans and specifications, to the extent of having placed the brown coat of mortar thereon. If he had done so he had the legal right to stop work when the second installment was not forthcoming; but, if he had not performed the contract according to its terms at the time he demanded the second installment, then it was not due, and he was not justified in leaving the work; and if he left the work without cause it was an abandonment of the contract, as contemplated by section 1200 of the Code of Civil Procedure, and the plaintiffs' rights in this action would be measured by the provisions of that section.

Upon an examination of the evidence we conclude that the contractor failed to comply with the terms of his contract in substantial particulars, and, having committed breaches of the contract, he was not justified in leaving the work as he did leave it. It follows from this conclusion that the finding of the court that the contractor had duly performed all the terms and conditions of said contract upon his part up to the tenth day of March, 1892, fails for want of support in the evidence.

Appellant's counsel claims that the contractor failed to perform his contract in many respects, and we particularize at least two of these alleged breaches as fully shown by the evidence; and we further consider them substantial and material departures from the plans and specifications.   The contract called for lathes one and one-quarter inches wide, and lathes one and one-half inches wide were used.   The contract called for No. 1 rustic, and the best quality of joist and studding; the contractor used second quality of joist and studding, and No. 2 rustic.   Such is the evidence of defendant's witnesses, and opposing counsel have directed our attention to nothing in the record to the contrary.   While the record is voluminous, our reading of it has produced nothing to show a compliance with the contract in these respects, and the contractor himself, while upon the witness-stand, did not testify to the contrary. Plaintiff introduced the evidence of carpenters and architects to the effect that, as far as the work had progressed at the time the contractor left the building, it was a fair, average job for that class of building.   But we do not think this kind of evidence met the issue made.   The question at issue was not as to whether it was a fair, average job for that class of building, but was, Did the contractor furnish the kind of lathes and the quality of lumber that he was called upon to furnish by the terms of the contract?   And if he did not, was such breach of the contract a substantial one?   There is a wide difference between first and second class lumber, both as to the price and quality; and, as appears by the evidence, there is likewise a substantial difference as to the lathes.   A contractor should live up to his contract, and, when he has covenanted with the owner that a certain quality of lumber shall be placed in the building, the owner is entitled to have that kind of lumber placed therein.

Deeming these breaches of the contract substantial and material it is unnecessary to notice other alleged violations of its terms, for we conclude that the con-

tractor abandoned his contract before completion, and that the rights of lien claimants must be admeasured according to the provisions of section 1200 of the Code of Civil Procedure. For this reason it becomes unnecessary to determine whether or not the provisions of that section would apply to these lien claimants, if the contractor had fully and entirely carried out the terms of the contract up to the time the second iustallment of the contract price was due.

Upon the conclusion of the evidence the court declined to hear an oral argument of the case, but gave the attorneys the privilege of filing briefs. Appellant insists that he had a legal right to orally argue the case to the court. We have no doubt that the court in the exercise of its discretion had the right to decline to hear oral argument. We also think the objections to the liens untenable, and the percentage of ninety-five dollars and fifty cents allowed by the court as costs was fully justified by the following cases: *Whitaker* v. *Haynes*, 49 Cal. 596; *Packard* v. *Wilson*, 72 Cal. 124; *Fanning* v. *Leviston*, 93 Cal. 186.

It is ordered that the judgment and order be reversed and the cause remanded for a new trial.

Harrison, J., and Van Fleet, J., concurred.