[Civ. No. 10597. First Appellate District, Division Two.—January 27, 1938.]

IRVIN W. LARSON, Respondent, v. BLUE & WHITE CAB COMPANY (a Copartnership) et al., Defendants; LLOYD J. LONG et al., Appellants.

Benjamin F. Curtaz for Appellants.

Jackson & McCredie for Respondent.

NOURSE, P. J.—Action for personal injuries. Defendants have appealed, upon a bill of exceptions, from a judgment in favor of plaintiff in the sum of $3,000.

Plaintiff was a passenger for hire in a certain taxicab operated by defendant David Page Cutten. It was stipulated between the parties that defendant Lloyd J. Long was the owner of the taxicab, that at the time of the accident the taxicab was being operated as a common carrier by defendant David Page Cutten as the employee and agent of defendant Long, and that at the time and place of the accident, defendant Cutten was acting within the scope of his employment.

At the time of the accident in question, plaintiff was a tourist from Michigan visiting in San Francisco. Defendants, therefore, made a demand for security for costs and requested a stay of proceedings until such security as required by section 1030 of the Code of Civil Procedure was supplied. Plaintiff took the stand and was examined by the court concerning his residence. Plaintiff testified that he was

living in Sacramento, that he was now a resident of California, and that he intends to make California his residence. At the close of this testimony the court stated, "I am satisfied with the testimony." Attorney for defendants stated, "Very well, Your Honor." Thereupon the case proceeded to trial. Defendants now contend that the court erroneously refused to permit cross-examination of plaintiff concerning his place of residence. There appears to be no merit in defendants' contention, for the record shows that defendants expressed their satisfaction with the testimony of plaintiff, and made no demand that they be allowed to cross-examine plaintiff. Likewise, defendants do not state in what manner they were prejudiced by this conduct of the trial court, nor does any prejudice appear from the record.

At the close of the evidence, the court stated that it did not desire to hear any argument on the question of liability; that two hours hence counsel should be prepared with cases on the question of damages alone; that it had concluded plaintiff was entitled to judgment against defendants. Defendants assign as error the refusal of the court to hear argument on the question of liability. When the cause is tried by the court sitting without a jury, counsel has no absolute right to argument. The question of whether argument shall be allowed, or if allowed, restricted, is one within the discretion of the trial court. (*Golden State Lumber Co.* v. *Sahrbacher,* 105 Cal. 114 [38 Pac. 635]; *Nicholson* v. *Nicholson,* 174 Cal. 391 [163 Pac. 219]; *Center* v. *Kelton,* 20 Cal. App. 611 [129 Pac. 960]; *Dam* v. *Bond,* 80 Cal. App. 342 [251 Pac. 818].) No abuse of discretion is shown herein. Plaintiff was a passenger for hire in the taxicab operated by defendants. As such, defendants owed him a duty to exercise the utmost care and diligence to provide safe transportation. (Sec. 2100, Civ. Code.) The evidence discloses that plaintiff was injured when the taxicab in which he was riding struck the rear of an automobile proceeding at a slower rate of speed in the same direction and same traffic lane as that in which the taxicab was proceeding. Although the accident occurred at night, the lights of both cars were burning and visibility was good. Although plaintiff and Rita Adams, a companion, were riding in the front seat with defendant Cutten, there is no evidence that this interfered with his operation of the taxicab. Defendant

Cutten testified that he drank some beer during the evening, but there is no evidence that he was intoxicated. There is a conflict of evidence concerning the speed at which the taxicab was operated and whether the highway was damp or dry. Defendant Cutten's sole explanation of the cause of the accident was "I did not see the car until it was too late for me to stop." Under the facts as above stated, no abuse of discretion is apparent in the refusal of the court to hear argument on the question of liability.

■ Defendants also complain that they were allowed only two hours in which to collect cases pertaining to the question of damages. The record does not show that defendants made any objection at the time or requested more time for preparation for argument on the question of damages. They are in no position to urge the point at this time.

■ Defendants urge most seriously for a reversal that the evidence is insufficient to justify the judgment in that the evidence shows that plaintiff failed to mitigate or minimize damages as required by law. In the case of *McKinney* v. *Red Top Cab Co.*, 113 Cal. App. 637 [299 Pac. 113], the court said at page 641: "It may be true, also, that there are certain circumstances tending to show that plaintiff acted imprudently in traveling and in caring for herself immediately following the accident; also in failing to obtain proper medical treatment after her return to San Francisco; but defendants introduced no affirmative proof whatever, medical or otherwise, to show that plaintiff's injuries were aggravated thereby, or that the permanency thereof was brought about by imprudence or neglect. Consequently, there is no evidence to establish, contrary to the implied finding of the jury, that she was guilty of contributory negligence." We believe that this rule is controlling here. The accident occurred about 2:45 A. M. June 7, 1936. Plaintiff arrived at the Villa Sanitarium in Daly City at approximately 3:15 A. M., and was immediately treated. X-rays were taken and some time between 7 and 10 A. M. plaintiff left the hospital in the company of defendant Cutten. Plaintiff's doctor testified "When he left he was discharged as to the head injury, pending development of the X-rays." Plaintiff and defendant Cutten returned to San Francisco in a taxicab. They alighted at an apartment house and walked a distance of six blocks to plaintiff's hotel. Upon arriving there, plaintiff asked defendant

Cutten to get him some whisky which plaintiff then drank. In the afternoon, plaintiff was returned to the hospital in an ambulance and remained there until August 18, 1936. The record is without any evidence showing that plaintiff's conduct in any manner aggravated his injuries. The sole explanation of his departure from the hospital is the testimony of plaintiff's doctor that he was discharged pending the development of X-rays. There is no evidence showing that plaintiff was at that time fully apprised of the seriousness of his injuries. Upon discovery of the nature of his injuries, plaintiff returned to the hospital and remained there until he was finally discharged. "The evidence is ample to show that" plaintiff "acted in good faith and exercised ordinary care and diligence which is all that is required." (*Hamelin* v. *Foulkes,* 105 Cal. App. 458, at page 466 [287 Pac. 526].)

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.