[Civ. No. 26223.   Second Dist., Div. Three.   Apr. 19, 1963.]

CATHERINE KENNY, Plaintiff and Respondent, v. TRUST OIL COMPANY, Defendant and Appellant.

Julius A. Leetham for Defendant and Appellant.

Swanwick, Donnelly & Proudfit and Ernest M. Clark, Jr., for Plaintiff and Respondent.

SHINN, P. J.—On December 20, 1954, Catherine Kenny, as assignee of Morse Erskine, Morse Erskine II, and J. B. Tulley, lawyers and copartners, commenced an action to recover reasonable compensation for legal services rendered by them to defendants Trust Oil Company, Treasure Company, Samarkand Oil Company, and Empire Oil Company. At the first trial a judgment of nonsuit was granted in favor of defendants with the exception of defendant Trust Oil Company, for whom a favorable judgment was rendered. Plaintiff Kenny appealed from this judgment and this court in reversing the judgment for inadequacy of the findings to determine the issue of liability stated "The company [Trust] does not deny that the attorneys rendered substantial services. It only contends that they were rendered with an understanding that they were to be gratuitous. . . . it will be necessary for the court to determine from the direct or indirect evidence, or both, whether the services were rendered under circumstances that imposed a duty upon defendant to pay for them." (*Kenny* v. *Trust Oil Co.*, 168 Cal.App.2d 478, 482, 486 [335 P.2d 1008].)[1] On May 1, 1961, the case was retried without a jury pursuant to the terms of a letter stipulation signed by attorneys for both parties, dated March 16, 1961. Said letter provided as follows: "1. The court may set the case for trial as soon as possible after April 15, 1961. 2. At the trial no oral testimony will be presented by either side. 3. In reaching its decision the court will consider: (a) the entire file of the action, including the transcript of the prior trial and any and all exhibits included in said file and the entire record as presented to the District Court of Appeal. (b) Any affidavits submitted by either side which said affidavits shall be submitted to the trial judge upon the date set for the trial and no counter affidavits shall be submitted. Upon presentation to

---

[1] Reference is made to the former opinion for a more complete discussion of some of the issues.

the trial judge of the matters set forth above, the trial judge will decide the matter after hearing such argument as is desired.''

At the trial no oral evidence was presented, both sides having submitted an affidavit or affidavits to the court. The court determined that the plaintiff, Kenny, was entitled to recover from defendant, Trust Oil Company, the sum of $15,054.64 and costs. Its motion for a new trial having been denied, defendant appeals.

Defendant contends that it was deprived of its right to present oral argument at the second trial. ■ It must first be noted that the refusal of a trial court, sitting without a jury in a civil action, to allow a litigant's counsel to argue the case, is not prejudicial error. (See *Larson* v. *Blue & White Cab Co.*, 24 Cal.App.2d 576 [75 P.2d 612]; 38 A.L.R.2d 1431 and the cases cited therein.) ■ Moreover, by virtue of the letter stipulation of March 16, 1961, the parties expressly waived oral argument. Defendant argues against such waiver relying on a statement made by plaintiff's counsel after the submission of the affidavits,[2] and on the last sentence of the letter stipulation. However, it is .clear that both statements refer the question of the necessity of any argument to the discretion of the trial judge. Upon reading the affidavits submitted and the entire file of the action, it is apparent that the trial judge, in the exercise of that discretion, did not require oral argument. We find no error therein. Defendant cites its letter addressed to the trial judge, dated May 24, 1961. Said letter was previous to the judgment and respectfully suggested that the court should properly permit argument by counsel before rendering decision. However, this letter does not enhance plaintiff's position and was merely a one-sided appeal to the discretion of the trial judge with respect to the desirability of oral argument.

■ Defendant next contends that the findings of the trial judge in the second trial are not supported by the evidence. The findings, set out in the footnote,[3] were made upon con-

---

[2] ''Mr Clark: Now, I suggest that the Court follow this—well, I was going to suggest. if it might be helpful to the Court, the Court could call us at any time and both Mr. Leetham and myself would be happy to come here to argue the case. I don't—I am just wondering the best way to proceed.''

[3] ''1. Within two years prior to the commencement of the herein action defendant Trust Oil Company requested Morse Erskine, Morse Erskine 2d, and J. Benton Tulley, as partners, to render legal services for said defendant and to advance the sum of $54.64 for the benefit of said defendant. In return for said services and advance, said defendant promised

sideration of the entire file of the action, including the transcript of the prior trial, all exhibits attached thereto, and upon the affidavits submitted by both sides pursuant to the letter stipulation of March 16, 1961. It is clear that the record supports the findings numbered 2, 4, and 5. (See our discussion in *Kenny* v. *Trust Oil Co., supra.*) In regard to findings numbered 1 and 3, affidavits were filed concerning the issue, *inter alia,* whether the services were rendered under circumstances that imposed a duty upon defendant to pay for them. On behalf of the plaintiff the following affidavits were filed: Two affidavits of Morse Erskine II, a member of the law firm of Erskine, Erskine & Tulley, plaintiff's assignor, and one affidavit of Elmo L. Buttle who was, during the time that the services were rendered by plaintiff's assignor, 1952-1953, Chief of the Real Property Disposal Division of the General Services Administration which was the disposal agency at that time for the sale of all government real properties that are surplus to the government needs.

Mr. Erskine, in his affidavits, referring to the various exhibits on file in the case, states that his father, Herbert W. Erskine, was a member of the law firm of Erskine, Erskine & Tulley, plaintiff's assignor, prior to his appointment to the United States District Court in 1949. Previous to his appointment, his father, as the attorney for the Trust Oil Company and the subsidiary corporations, rendered legal services resulting in the agreement dated May 31, 1949, by and between the Trust Oil Company, Reconstruction Finance Corporation and Southern California Gas Company. On February 17, 1951, he received, in his name, 100 shares of the capital stock of Trust Oil Company ". . . in part consideration for services rendered." The agreement settled a dispute between the sub-

---

to pay to Morse Erskine, Morse Erskine 2d, and J. Benton Tulley the reasonable value of said services and the sum of $54.64.

"2. Morse Erskine, Morse Erskine 2d, and J. Benton Tulley did render legal services to said defendant and did advance the sum of $54.64 to said defendant pursuant to the said request and agreement of said defendant.

"3. The reasonable value of said legal services rendered by Morse Erskine, Morse Erskine 2d, and J. Benton Tulley to said defendant is the sum of $15,000.00.

"4. Subsequent to rendering said services and advancing said sum of $54.64 Morse Erskine, Morse Erskine 2d, and J. Benton Tulley assigned and transferred to plaintiff their claim for the reasonable value of such services and for the amount of $54.64 from defendant Trust Oil Company.

"5. Defendant Trust Oil Company has paid nothing to plaintiff, or to Morse Erskine, Morse Erskine 2d, or J. Benton Tulley, pursuant to the said promise of said defendant."

sidiary corporations over their claims for compensation for the taking of certain real and personal property owned by them in a condemnation action by a subsidiary of the Reconstruction Finance Corporation. By virtue of this agreement Trust Oil Company was appointed exclusive agent of the Reconstruction Finance Corporation to operate the property and to produce oil and gas therefrom subject to certain conditions. Mr. Buttle's affidavit pointed out that the legal services, in the form of research, negotiations and conferences during the months of December 1952 until about April 1953 rendered by plaintiff's assignor, materially aided in preserving this agency relationship, without which the Southern California Gas Company could have taken the property free and clear. Subsequent thereto, in December 1954, the Southern California Gas Company, owning the property subject to the Trust Oil Company's agency relationship, purchased said Trust Oil Company, its rights and interests including its subsidiaries, with the exception of certain valuable personal property, for $190,000. In 1953, at the request of defendant, through its president, Mr. G. de Bretteville, services were also rendered by plaintiff's assignor with regard to procuring financial assistance for the Trust Oil Company, and also with regard to a proposed cause of action against the Southern California Gas Company, although defendant subsequently obtained another attorney in this matter. An account of all such services was filed on behalf of the plaintiff; and Mr. Erskine, in his affidavit, states that they were rendered and accepted with a definite understanding that plaintiff's assignors were to be compensated therefor.

Mr. G. de Bretteville, in his affidavit, filed on behalf of the defendant, Trust Oil Company, denied any request for or engagement of the services of plaintiff's assignor. This contention is untenable. (See our discussion in 168 Cal.App.2d 478, 481.) Defendant relies on a letter dated August 20, 1953, by Mr. Morse Erskine II in which he stated: ''As you know, we no longer represent you and have had no dealings with you except gratuitously to render you legal advice which you have declined to follow, as evidenced by the filing of the recent action against the Southern California Gas Company on an account stated on June 13, 1953.'' As we stated before, we do not construe this as a statement that the services of the attorneys throughout had been rendered gratuitously. (168 Cal.App.2d 478, 485.) The letter was written after the law firm of Erskine, Erskine & Tulley had been

told that the Trust Oil Company and its subsidiary corporations had obtained the services of other attorneys and, as we understand the statement, it referred to the legal advice given at the time of and after the preparation of the proposed complaint against the Southern California Gas Company.

Defendant contends, as it did on the former appeal, that the services of the attorneys were rendered solely with the view of enhancing the value of the 100 shares of capital stock then owned by the widow of Herbert W. Erskine, not the plaintiff's assignor. This contention is contrary to the findings quoted above which, as previously stated, have full support in the evidence.

We find the evidence sufficient to support the findings, including the finding as to the reasonable value of the services rendered.

The judgment is affirmed. The purported appeal from order denying motion for new trial is dismissed.

Ford, J., concurred.

Files, J., did not participate.

Appellant's petition for a hearing by the Supreme Court was denied June 12, 1963.