Opinion
ZACK, J.
Appellant was convicted in a nonjury trial of a violation of section 21453, subdivision (a), of the Vehicle Code. The question we consider is whether a court, in such a proceeding, may refuse to hear any final argument from a defendant. We treat the recitation in the engrossed statement on appeal that the judge “ignored, talked-over and otherwise refused to acknowledge the defendant” when he attempted to make a closing summation, and that, “No closing statements were made by either party,” as a refusal to hear such argument. (Compare People v. Don Carlos (1941) 47 Cal.App.2d Supp. 863, 866 [117 P.2d 748].)
It is established that a defendant in a criminal case has an absolute right to make some closing argument, whether the case be jury or nonjury. (People v. Green (1893) 99 Cal. 564, 567 [34 P. 231]; People v. Don Carlos, supra. See People v. Travis (1954) 129 Cal.App.2d 29, 37 [276 P.2d 193]; Pen. Code, § 1093, subd. (5). Note, for civil nonjury cases, Larson v. Blue and White Cab Co. (1938) 24 Cal.App.2d 576, 578 [75 P.2d 612]. See also People v. Sieber (1927) 201 Cal. 341, 355-356 [257 P. 64]; Witkin, Cal. Criminal Procedure, § 443, p. 445.) It is also settled that the court may, in its sound discretion, limit such argument. (People v. Don Carlos, supra, and cases cited at p. 866.)
We do not reach the question whether a limitation of argument may, as to the time allowed or subject matter permitted, become, in a particular case, a denial of argument. Here, contrary to Green, Don Carlos, and People v. Marcias (1955) 130 Cal.App.2d 860, 864 [279 P.2d 987], the record shows no closing argument was allowed at all.
Was the denial prejudicial? It is true that Don Carlos alternatively held that denial was not. However, the opinion (p. 866) shows that some (but not how much) argument was actually allowed, and it is not, therefore, controlling. Further, it would appear fictional for us to attempt to assess the prejudice in a given case on the basis of an argument that was never made. If the denial of any argument is error of constitutional dim'en *Supp. 28 sions, as Don Carlos indicates, we cannot hold that such error was harmless beyond a reasonable doubt. (See Chapman v. California (1967) 386 U.S. 18 [17 L.Ed.2d 705, 87 S.Ct. 824].)
The judgment is reversed.
Whyte, P. J., and Katz, J., concurred.