## MISSOURI BROADCASTING CORPORATION v. FEDERAL COMMUNICATIONS COMMISSION (STAR–TIMES PUB. CO., Intervener).*

### No. 6869.

United States Court of Appeals for the District of Columbia.

Argued Oct. 19-20, 1937.

Decided Dec. 6, 1937.

Rehearing Denied Jan. 14, 1938.

Louis G. Caldwell, Percy H. Russell, Jr., and Donald C. Beelar, all of Washington, D. C., for appellant.

Hampson Gary, General Counsel, Federal Communications Commission, George B. Porter, Asst. General Counsel, and Fanney Neyman, Principal Atty., all of Washington, D. C., for appellee Federal Communications Commission.

Paul D. P. Spearman and Alan B. David, both of Washington, D. C., for appellee Star-Times Pub. Co.

Before ROBB, GRONER, and MILLER, Associate Justices, and WHEAT, District Judge.

GRONER, J.

Missouri Broadcasting Corporation (appellant) and Star-Times Publishing Company (intervener) were rival applicants for a permit to operate a radio broadcasting station in St. Louis on 1250 kc. The commission in an order dated September 22, 1936, made effective October 6, 1936, granted the application of Star-Times and denied

*Writ of certiorari denied 58 S.Ct. 759, 82 L.Ed. ——.

the application of Missouri. As a principal ground of appeal, Missouri insists that the order of the commission was void because it was not preceded by or based on any findings of fact or grounds for the decision. The printed record contains approximately 400 pages of evidence and more than 100 pages of exhibits. After reference to the examiner in the early part of 1936, Pulitzer Publishing Company, operator under a license in St. Louis, together with several other stations concerned in the matter, intervened opposing the grant to either applicant. Its separate appeal we have disposed of today in Pulitzer Publishing Co. v. Federal Communications Commission, 68 App.D.C. 124, 94 F.2d 249. The examiner reported in July, 1936, recommending the denial of the application of both Missouri and Star-Times. The following September there was oral argument before the broadcast division of the commission, and two weeks later the division entered its decision and final order. The order is in the following form:

"Upon consideration of the applications, record, and evidence in these cases, Examiner's Report I-246, the exceptions thereto and oral argument heard, the Broadcast Division this day found that public interest, convenience and necessity would be served by granting the application of Star-[Times] Publishing Co., for construction permit and that public ‘interest, convenience and necessity would not be served by granting the application of Missouri Broadcasting Corp., for construction permit and entered its final order granting and denying the same respectively, in the following cases: [Then followed the docket numbers, names of the applicants, etc., together with a statement that the order entered would be effective at 3 A. M. October 6, 1936, and that the Commission would at a subsequent date issue and publish an opinion setting forth a statement of the facts appearing of record and the grounds for the decision reached.]"

The statement of facts and reasons for the decision was filed on October 7, 1936, and appears to have been released to the press as of October 17, 1936. In the meantime and on October 5, 1936, Missouri filed a petition for rehearing and on October 21st a supplemental petition for rehearing which on the same day the commission denied. Thereupon Missouri filed its notice of appeal.

Missouri's position, as we have indicated, is that the commission is not authorized by the act to make a decision without finding the facts and reasons therefor, and it says that in the present order there is not a single word which can serve as such a finding.

The position of the commission, on the other hand, is that the only finding it is required under the act to embody in its order is that of public interest, convenience, and necessity, and that this it did in its original decision and likewise in its subsequently issued and published opinion. In short, its position is that the facts and reasons for its decision need not be previously found and incorporated in its order, and that only the ultimate facts need be stated, and by "ultimate facts" the commission·means neither more nor less than a declaration on its part that public interest, convenience, and necessity will be served by granting or refusing the application.

The Communications Act of 1934, 48 Stat. 1093, provides in section 309(a), 47 U.S.C.A. § 309(a):

"If upon examination of any application for a station license or for the renewal or modification of a station license the Commission shall determine that public interest, convenience, or necessity would be served by the granting thereof, it shall authorize the issuance, renewal, or modification thereof in accordance with said finding. In the event the Commission upon examination of any such application does not reach such decision with respect thereto, it shall notify the applicant thereof, shall fix and give notice of a time and place for hearing thereon, and shall afford such applicant an opportunity to be heard under such rules and regulations as it may prescribe."

The appeal section (402) of the act, 47 U.S.C.A. § 402, provides, inter alia, that an appeal may be taken by filing written notice of appeal in this court within twenty days after the decision is effective. The notice must be served on the commission and must contain a statement of the reasons for the appeal. The commission is required within five days to give notice to all other parties in interest, and such parties are permitted to intervene in the appeal and to inspect and to make copies of the appellant's statement of reasons for the appeal. The commission must then within thirty days file in this court originals or certified copies of all papers and evidence considered by it, a copy of its decision, and within thirty days thereafter "a full statement in writing of the facts and grounds for its decision as found and given by it."

The question here presented is not new. It has been suggested before, but we have hitherto found it unnecessary to pass upon it. The question, however, should be decided in the interest of procedural accuracy and in order that the appeal to this court may be heard and decided in the light of the issues formed by the commission's grounds for decision and the appellant's reasons for appeal. The act provides for an appeal to this court (a) by an applicant for a construction permit, or for a station license, or for renewal or modification of a station license, whose application is refused; (b) by any other person aggrieved or whose interests are adversely affected by a decision of the commission granting or refusing such an application; and (c) by a radio operator whose license has been suspended by the commission. The review to this court is limited by the act to questions of law, and it is provided that "findings of fact by the Commission, if supported by substantial evidence, shall be conclusive unless it shall clearly appear that the findings of the Commission are arbitrary or capricious." 47 U.S.C.A. § 402(e). This quoted language of the act provides substantially the same rule applied in cases of appeal from most, if not all, of the important federal administrative boards and commissions. The language implies that there shall be a public hearing, that evidence shall be taken and preserved, that the facts shall be found by the commission, and that this court shall have jurisdiction to deny effect to an order made without any supporting evidence or contrary to the indisputable character of the evidence, or wherever the hearing or the decision is inadequate, unfair, or arbitrary. Crowell v. Benson, 285 U.S. 22, 52 S.Ct. 285, 76 L.Ed. 598. In this view we cannot give our assent to the position taken by the commission that to give binding effect to its order the act requires it to do no more than to make a stark finding one way or the other that public interest, convenience, and necessity will be served. To sustain this position would be to ignore the reasonable implications inherent in the language of the act, section 402(c), 47 U.S.C.A. § 402(c), that the commission shall file a full statement in writing of the facts and grounds for its decision. And so, without taking further time in a discussion of this aspect of the question, we think the only doubt arises as to the time when the commission is required to find the facts and state the grounds of its decision. The

commission's answer is that, if at all, not in any case until after the appeal is taken and relies in this respect upon the language of the act requiring it to file its statement within thirty days after it has filed a copy of the record. Undoubtedly this unusual provision tends somewhat to cloud and confuse the question, but we think that to interpret it as the commission insists would tend to still greater confusion, if indeed it would not result in a denial of due process. As we have pointed out, the act requires a petitioner for review to assign in this court the reasons for his appeal, and this, as we think, is the equivalent of requiring him to state his assignments of error; and in Great Western Broadcasting Ass'n v. Federal Communications Commission, Intermountain Broadcasting Corporation v. Federal Communications Commission, 68 App.D.C. 119, 94 F.2d 244, decided today, we said:

"The nature of its grievance can be measured on this appeal only by the reasons therefor which the act requires it to give; and in order to determine its appealable interest we must look—and can look only—to those reasons."

If we are correct in this holding, and of this we have no doubt, then it would be a thoroughly anomalous and undesirable situation to construe the provision of the act with relation to the time when the commission must find the facts and reasons for its decision as not requiring the publication of the finding until some date—possibly sixty days—after the appeal is noted. Manifestly the object in requiring the commission to state its reasons for its grant or denial of the license is to advise the defeated party of the respects in which he has failed to bring himself within the terms of the act. To say that no reasons for the decision need be stated would leave the party in doubt as to a matter essential to the determination whether an appeal should or should not be taken, for until the appealing party knows the grounds on which the order rests he is in no position to assign reasons for its reversal. It was the recognition of this indubitable fact which at least in part induced the Supreme Court to say in Beaumont, S. L. & W. Ry. Co. v. U. S., 282 U.S. 74, 86, 51 S.Ct. 1, 6, 75 L.Ed. 221:

"Complete statements by the Commission [there the I. C. C.] showing the grounds upon which its determinations rest are quite as necessary as are opinions of

lower courts setting forth the reasons on which they base their decisions," etc.

In this view to hold that the statement of the grounds on which the commission reached its decision may be disclosed for the first time sixty days after the appeal is taken would be manifestly unfair because, if for no other reason, it would be to require an appellant to appeal from a decision the grounds for which he would not and could not know, and by the same token to assign reasons for the appeal wholly different, as it might very well turn out, from the grounds which the commission later asserted as the basis of its denial of the application. And that, in turn, would result in an application to us—in order to avoid a clear denial of justice—to permit amendments to be made after the appeal was perfected and in some cases after the record was printed. Not only this, an even greater injustice might result (and we have the commission's assurance that such procedure would be proper) if the commission seized the opportunity to write its statement of facts and grounds of decision as an answer to appellant's reasons for appeal. We think reflection upon the bare statement of this possibility is convincing that no such procedure can be allowed.

But all of these reasons aside, we think we are not required to give any of the language or requirements of the act forced construction to reach the conclusion we do. For, as we have pointed out, the act unquestionably requires the commission in every case of appeal to file not only the record and its decision but a statement of the facts and a statement of the grounds of its decision. The exact language is—file a full statement in writing of the facts and grounds for its decision *as found and given by it*. The six words we have emphasized imply, we think, that the grounds of decision and a brief factual statement of the reasons therefor have been previously given, that is, previously to the filing of the full statement, i. e., findings of fact, in this court. Certainly this would be the reasonable and ordinary course because no commission exercising the judicial function ought to give a decision without knowing the grounds therefor, and the statement of those grounds necessarily must be drawn from the facts found. If this rule be adopted the appellant will, when the commission enters its order, know the grounds of the decision and will know whether he desires to appeal and will be able to frame intelligently his assignments of error. On the other hand, the commission will not be inconvenienced by being required to include in its order a succinct statement of facts and grounds therefor, since necessarily in every case the commission will know why it is deciding it as it is. We are not unmindful that the reduction of the factual findings to a concise statement in writing requires time, and undoubtedly it was this consideration which moved Congress to afford the commission extra time for filing its "full" statement in writing. And in this view there is no reason why the formal findings of fact—as is not unusual in cases, either in law or equity, should not await the taking of the appeal. What we have said, we hope, sets a sufficient standard to prevent the recurrence of this question on future appeals.

In this case it is true the reasons for the decision were not filed until some two weeks after the order, but Missouri had in the meantime filed a motion for a rehearing and after the filing by the commission of its opinion had amended its motion for a rehearing. It, therefore, was full handed with knowledge of the reasons for the commission's decision when its motion was heard. The failure of the commission, therefore, to file any statement of the grounds of decision simultaneously with the order, was harmless error for, as it turned out in the facts mentioned above, Missouri suffered no damage therefrom.

The other grounds of review urged on this appeal were also argued and sufficiently answered in Pulitzer Publishing Company v. Federal Communications Commission, supra, where we held that the evidence authorized the action of the commission in granting the license of Star-Times. The commission, as we think correctly, found need for additional service in St. Louis; and its choice of one applicant over the other, being based on proper considerations disclosed by the record, ought not to be disturbed.

Affirmed.