## STUART v. FEDERAL COMMUNICATIONS COMMISSION.

### No. 7248.

United States Court of Appeals for the District of Columbia.

Argued April 11, 1939.

Decided June 12, 1939.

Frank Stollenwerck, of Washington, D. C., for appellant.

William J. Dempsey, Andrew G. Haley, William C. Koplovitz, Hampson Gary, William H. Bauer, and Fanney Neyman, all of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and MILLER and EDGERTON, Associate Justices.

GRONER, C. J.

Appellant and Southwest Broadcasting Company each applied to the Communications Commission for a permit to construct a broadcast station at Prescott, Arizona. The application of Southwest was filed in October, 1935; the application of appellant in December, 1935. Both applications were designated for hearing June 5, 1936, in a consolidated proceeding before an examiner. On June 18 the examiner recommended that the application of Southwest be granted and that the application of appellant be denied. Appellant excepted, and at his request the Commission heard him orally on November 6, 1936. In December the Commission entered an order granting the application of Southwest and denying appellant's application, effective January 12, 1937. In February, 1937, appellant asked the Commission to rehear, on the ground that depositions filed with the examiner on behalf of Southwest were taken without written notice to counsel for appellant. On the strength of this allegation the Commission remanded the case for further hearing to be held at Prescott, Arizona, in July, 1937. Again the examiner recommended that the application of Southwest be granted and that the application of appellant be denied. The Commission again permitted oral argument, and in June, 1938, handed down its final report and order, adhering to its former decision. Appellant thereupon brought the case here, and in his "statement of reasons" for the appeal [1] assigns error on the part of the Commission in the following respects:

1. Errors of law have been committed by the Commission because of the failure (a) to take into account proper evidence, (b) dispose of material issues of fact, and (c) to include material findings of fact upon which its conclusions are based;

2. Findings of fact without substantial evidence to support them, which are obviously arbitrary and capricious, have been made;

3. Testimony on material matters introduced at the original hearing and positively established to be false at a later hearing has been accepted the second time as true, and based thereon the Commission has arbitrarily and capriciously reached conclusions not in accord with the proof made; and

4. The Commission by administrative fiat smacking of convenience of administration, not by properly balanced adjudication, has come within the constitutional condemnation of arbitrary exercise of power.

---

[1] 47 U.S.C.A. § 402(c).

The Commission moved to dismiss on the ground that Sec. 402(c) of the Act requires the reasons for the appeal to be stated and that appellant has failed to indicate what evidence was improperly omitted from consideration, and what issues of fact were either incorrectly disposed of or left undisposed of; and that the reasons given are purely argumentative and mere abstract propositions of law.

We have held that the statement of reasons for appeal required by the statute serves the purpose of an assignment of errors and must, therefore, set forth with particularity the errors on which the appeal is based. In Intermountain Broadcasting Corp. v. Federal Communications Commission, 68 App.D.C. 119, 94 F.2d 244, 248, we said: "The nature of its [appellant's] grievance can be measured on this appeal only by the reasons therefor which the act requires it to give; and in order to determine its appealable interest we must look—and can look only—to those reasons."

And in Missouri Broadcasting Corp. v. Federal Communications Commission, 68 App.D.C. 154, 94 F.2d 623, 624, we applied a similar rule to an objection to the Commission's findings of fact and grounds for decision; and we did this in the interest of procedural accuracy and in order that the appeal to this court might be heard and decided in the light of the issues made by the Commission's "grounds for its decision" and appellant's "statement of reasons" for appeal. Unquestionably, appellant's statement in this case is merely a general assignment without designation of particular errors upon which it is based. Considered from the most liberal standpoint, it wholly fails to meet the test of the rule which we have laid down and to which we intend to adhere. But since the case was heard both on motion to dismiss and on the merits, we have examined the points particularly urged in the argument and in the brief. Two are insisted on:

1. That the record establishes that the evidence of Southwest of its financial qualifications is false and misleading; and

2. That appellant was denied the opportunity to cross-examine certain witnesses whose depositions were taken by Southwest in support of its application.

Little need be said in relation to either of these points.

The basis of the first is that the witnesses for Southwest misrepresented its financial set-up. The misrepresentation was the statement that the corporation had in bank to its credit $10,000 and had no liabilities. The facts were that it had sold and issued $12,000 of its capital stock and had taken the notes of its stockholders, all of whom were shown to be financially responsible, and had borrowed $10,000 in money which it had deposited to its account in bank pending the original hearing before the Commission. Subsequently, and while its application was going through the customary mill, the $10,000 was repaid but the notes retained and, as the Commission found, the corporation at all times was in possession of sufficient means to erect the station if granted a permit. As to all of this, the Commission said that no bad faith was shown. We have gone through the lengthy record on this subject and are entirely satisfied that the Commission's conclusion in this respect is wholly correct.

The second point is that certain depositions were taken before a notary public without notice to appellant. If this were shown and if it were also shown that the depositions were in any respect material, we would—if the case were properly here—have to set aside the Commission's order in view of Sec. 409(e) of the Act, 47 U.S.C.A. § 409(e), requiring notice in writing to the opposite party, or his attorney, before depositions are taken. But an examination of the record shows that notice in writing of the original proposed date of taking the depositions was given appellant's counsel; and there is no evidence, although appellant was given an opportunity to establish the fact, that the subsequent date at which depositions were actually taken, was without due notice to counsel. And this fact is properly recognized by counsel in the brief, in which it is stated: "Appellant did not prove this conclusively. An expected witness was not available, and the Commission found Appellant's Prescott attorney 'was given adequate notice of the deposition proceedings'. Exception was taken to this finding, but Appellant admits a failure to establish conclusively this issue. * * *"

Moreover, an examination of the deposition evidence shows that it related exclusively to the need and available support for a broadcast station in the Prescott area. Since these facts were just as necessary to support the application of appellant as to support that of Southwest Broadcasting Company, appellant can hardly take any benefit from this objection.

Enough has been said, we think, to show, not only a technical failure to bring the case here by proper assignments of error, but likewise that appellant has no case on the merits, and in this view the appeal should be dismissed.

Appeal dismissed.