## TRI–STATE BROADCASTING CO. (STATION K T S M) v. FEDERAL COMMUNICATIONS COMMISSION.

### No. 7192.

United States Court of Appeals for the
District of Columbia.

Decided Nov. 13, 1939.

Arthur W. Scharfeld, Philip G. Loucks, and Joseph F. Zias, all of Washington, D. C., for appellant.

Andrew G. Haley, William J. Dempsey, Wm. H. Bauer, and Fanney Neyman, of the Federal Communications Commission, all of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and EDGERTON and VINSON, Associate Justices.

VINSON, Associate Justice.

This is a second appeal under sec. 402 (b) (2) of the Communications Act of 1934, 47 U.S.C.A. § 402(b) (2),[1] from an order of the Federal Communications Commission, granting an application of Dorrance D. Roderick for a license to construct a new radio station in El Paso, Texas. The facts are fully stated in our first decision, 68 App.D.C. 292, 96 F.2d 564. After that decision, the Commission vacated its order, reopened the proceedings, made new findings of fact, and entered a new order granting Roderick's application.

■ Appellant, operating an existing station in El Paso, an intervener before the Commission, assigns as reason for its appeal that the Commission's decision is erroneous as a matter of law in that "it creates and fosters unfair, destructive and ruinous competition between a pioneer public service medium and a newcomer in the field of broadcasting". It alleges that it is aggrieved and adversely affected by the granting of this license by the Commission, due to the fact that it will suffer economic injury thereby, and that sec. 402(b) (2) of the Act confers on it the right of appeal to this court. Appellee, Federal Communications Commission, contends that appellant has no right to appeal from its order as economic injury, if suffered, is merely damnum absque injuria. We have heretofore decided this question adversely to appellee. Sanders Bros. Radio Sta. v. Federal Communications Commission, 70 App.D.C. 297, 106 F.2d 321, decided Jan. 23, 1939; Yankee Network, Inc., v. Federal Communications Commission,

App.D.C., 107 F.2d 212, decided August 14, 1939.

The Commission made the following finding:

"The presence and operation of an additional radio station in El Paso will result in the creation of a competitive situation between the applicant and the licensee of KTSM-WDAH. However, in view of the fact that for the years 1934 and 1935 the existing licensee made a profit which is about 19 per cent in 1934 and about 28 per cent in 1935 on its investment, in addition to paying a substantial bonus to its manager, and which operated during the years 1929-33 without losing money, although operating in a manner which was admittedly antagonistic to the people in El Paso, and still having had but a small part of the potential business of the City of El Paso, it does not appear that the expected competition will immediately or ultimately result in such a reduction in income to Tri-State Broadcasting Company (KTSM-WDAH) as to require deterioration of its service to the listening public. Such competitive condition may reasonably be expected to insure an improved broadcasting service to the City of El Paso."

Thus, we are called upon to review the finding of the Commission in respect of economic·injury resulting from the granting of the license for the new station, to determine whether or not the competition expected to result therefrom will be destructive and ruinous as urged by the appellant.

■ The owner of an existing station may well contend in any case that a new station may reduce the present income of his station, but it requires more to justify the Commission refusing to grant the new license. A mere showing that the income of an existing station may be reduced if another station enters its field is not sufficient. The appellant recognizes that such can not be the criterion of economic injury herein, as it charges that the competition complained of will be destructive and ruinous. This character of competition *may* affect the public interest, convenience and necessity, which is the statutory cri-

---

[1] 47 U.S.C.A. § 402: "(b) An appeal may be taken, in the manner hereinafter provided, from decisions of the Commission to the United.States Court of Appeals for the District of Columbia in any of the following cases:

\*　　\*　　\*　　\*　　\*

"(2) By any other person aggrieved or whose interests are adversely affected by any decision of the Commission granting or refusing any such application."

terion under which the Commission must act. In the present case, the Commission made its basic finding that "it does not appear that the expected competition will immediately or ultimately result in such a reduction in income to Tri-State Broadcasting Company (KTSM-WDAH) [appellant] as to require deterioration of its service to the listening public." This finding has the support of substantial evidence and must be sustained. Federal Radio Comm. v. Nelson Bros. Bond & Mortgage Co., 289 U.S. 266, 53 S.Ct. 627, 77 L.Ed. 1166, 89 A.L.R. 406; The Yankee Network, Inc., v. Federal Communications Commission supra. We therefore must hold that the granting of this license will not create and foster the "unfair, destructive and ruinous competition" upon which appellant relies to bring it within the limits of sec. 402(b) (2) of the Communications Act of 1934, supra, and, having failed to show that it is so aggrieved or adversely affected by the order of the Commission, it "becomes our duty to dismiss the appeal." The Yankee Network, Inc., v. Federal Communications Commission, supra; Woodmen of the World Life Ins. Society v. Federal Communications Commission, 70 App.D.C., 196, 105 F.2d 75.

■ In this view of the case we may not consider the additional grounds advanced by appellant for reversal,[2] except that one which urges the invalidity of the Commission's order because it failed to afford appellant an opportunity to present oral argument before the full membership of the Commission, which had not at any time heard oral argument. Obviously oral argument under the statute is an important right to a party claiming it will suffer economic injury from an additional facility allowed by the Commission. It might very well induce the Commission to make one finding, when, without such argument, it may have made a contrary finding. Right of argument is an indispensable step to a fair hearing. Morgan v. United States, 298 U.S. 468, 56 S.Ct. 906, 80 L.Ed. 1288; Shields v. Utah Idaho Central R. Co., 305 U.S. 177, 59 S.Ct. 160, 83 L.Ed. 111. The appellant contends that it was not afforded such opportunity to present oral argument. It urges that sec. 409(a) of the Act, 47 U.S.C.A. § 409(a), has been violated in this respect and that thereby the order of the Commission herein is void. This section provides for oral argument in any case conducted before an examiner "on request of either party." In furtherance of the Act, the Commission has promulgated Rule 106.29 governing procedure before it,[3] which also recites that oral argument shall be had at the request of either party. An examination of the Act clearly shows that oral argument is not required to validate an order otherwise properly made. The clear words of the statute are that "In all cases heard by an examiner the Commission shall hear oral arguments on request of either party." At no time did the appellant make such request. It made no such request before the decision of the Commission here, nor did it present its desire for oral argument to the Commission in a petition for rehearing. Saginaw Broadcasting Co., v. Federal Communications Commission, 68 App.D.C. 282, 96 F.2d 554; Red River Broadcasting Co., v. Federal Communications Commission, 69 App. D.C. 1, 98 F.2d 282. It failed to give the administrative body an opportunity to grant oral argument and can not be heard to complain thereof for the first time before this court. Federal Radio Comm. v. Nel-

---

[2] "That the companies may complain of the reduction made by the Commission so far as it affects their revenues is one thing. To complain of it as it may affect shippers or trade centers is another. We have said several times that we will not listen to a party who complains of a grievance which is not his." Interstate Commerce Comm. v. Chicago, R. I. & P. R. Co., 218 U.S. 88, 109, 30 S.Ct. 651, 659, 54 L.Ed. 946.

"Instead its appeal is based on a wholly different theory which, reduced to its simplest form, is that Salt Lake City now enjoys all the broadcasting that the area is entitled to or needs. But this objection might just as well be made by a stranger to the record, and it could hardly be supposed that the interest of a stranger would support an appeal from an order granting a permit for a new station." Great Western Broadcasting Ass'n v. Federal Communications Comm., 68 App.D.C. 119, 123, 94 F.2d 244, 248; Pulitzer Pub. Co. v. Federal Communications Comm., 68 App.D.C. 124, 127, 94 F.2d 249.

[3] Rule 106.29. "In the event that a case is heard before a Commissioner or an Examiner, the Commission shall hear oral argument upon petition of any party, and may permit the filing of briefs. Such party shall request oral argument at the time of the filing of exceptions, or, if no exceptions are filed, within the time allowed for the filing of exceptions. * * * *"

son Bros., Bond & Mortgage Co., supra. It is very clear in the present case that no error occurred in this respect.

EDGERTON, Associate Justice, concurs in the result.

Appeal dismissed.