**FLORIDA BROADCASTING CO. v. FEDERAL COMMUNICATIONS COMMISSION et al.**

**No. 7347.**

United States Court of Appeals for the District of Columbia.

Decided Dec. 11, 1939.

George O. Sutton, of Washington, D. C., for appellant.

William J. Dempsey, Gen. Counsel, of the Federal Communications Commission, for appellee.

James W. Gum, of Washington, D. C., for intervener.

Before GRONER, Chief Justice, and MILLER and EDGERTON, Associate Justices.

MILLER, Associate Justice.

Florida Broadcasting Company appealed from a decision of the Federal Communications Commission, which granted to The Metropolis Company a license to construct a new radio broadcast station at Jacksonville, Florida. The Commission moved to dismiss the appeal, contending, generally, that appellant has no standing to invoke the jurisdiction of this court. The Metropolis Company, as intervener herein, moved to dismiss on the ground that the reasons assigned by appellant are insufficient. These motions were set for hearing together, and argument thereon was confined to two reasons for appeal assigned by appellant as follows:

"2. The Commission erred in failing to make appropriate findings to justify its conclusion that 'The record does not show that the operation of the proposed station will have any detrimental economic effect upon Station WJAX and WMBR in their continued operation in the public interest.'

"3. Commission erred in failing to find that the operation of the station proposed by the Metropolis Company will result in a financial and economic injury to appellant, will impair the service rendered by the appellant to its listening audience and will jeopardize the ability of appellant to operate in the public interest, convenience and necessity as prescribed by law."

We have held that a statement of reasons is sufficient, under Section 402(b)(2) of the Communications Act,[1] as against a motion to dismiss, if it alleges that the result of the Commission's decision will be to destroy the ability of the appellant to carry on[2]—or to render service[3]—in the public interest. And we have held that an equivalent statement is sufficient.[4] The statement of reasons for appeal filed by appellant in the present case is sufficient, within the meaning of our previous decisions.

In support of its contention to the contrary, however, intervener relies upon language which we used in the case of Stuart v. Federal Communications Commission,[5] as follows: " * * * the statement of reasons for appeal required by the statute serves the purpose of an assignment of errors and must, therefore, set forth with particularity the errors on which the appeal is based." It argues that this language requires the statement of reasons for appeal to be in the nature of a bill of particulars; that otherwise neither the court, nor the parties interested in the appeal, will be advised, as they are entitled to be advised, wherein the Commission erred. However, it was not our purpose in the Stuart case to suggest that an appellant must file a bill of particulars in order to comply with the requirements of the appeal section of the Communications Act. The reasons for appeal presented in the Stuart case were mere generalizations which failed to present any substantial issue upon which the decision of the Commission could be challenged, or its propriety determined. The reason assigned in that case which comes closest to the reasons in dispute in the present case reads as follows:

"2. Findings of fact without substan-

[1] 48 Stat. 1093, 47 U.S.C.A. § 402 (b) (2).

[2] Great Western Broadcasting Ass'n, Inc. v. Federal Communications Comm., 68 App.D.C. 119, 123, 94 F.2d 244, 248; Pulitzer Pub. Co. v. Federal Communications Comm., 68 App.D.C. 124, 127, 94 F.2d 249, 252.

[3] Sanders Bros. Radio Station v. Federal Communications Comm., 70 App.D. C. 297, 106 F.2d 321; Yankee Network, Inc. v. Federal Communications Comm., App.D.C., 107 F.2d 212.

[4] Tri-State Broadcasting Co., Inc. v. Federal Communications Comm., App.D. C., 107 F.2d 956; WOKO, Inc. v. Federal Communications Comm., App.D.C., 109 F.2d 665, decided this day.

[5] 70 App.D.C. 265, 267, 105 F.2d 788, 790.

tial evidence to support them, which are obviously arbitrary and capricious, have been made."

■ On the other hand, the reasons assigned in the present case, and upon which argument was heard, clearly indicate the ground upon which the Commission's decision is challenged and the issue presented for determination by this court. The court, the Commission, and the intervener, are fully advised as to the question which must be decided on appeal. To require the appellant to go farther would be to require it to set out in its reasons for appeal proposed findings of fact, as well as findings made, and to summarize or refer to the evidence as it appears in the record. This is not the purpose of the reasons for appeal. Instead, it is the function of the brief—with appropriate references to the printed record—to point out specifically the evidence upon which appellant relies, the findings to which he objects, and, if he desires to do so, for purposes of analysis and argument, to suggest appropriate findings which should have been made. This conclusion is supported, also, by the fact that an appellant is required to file its statement of reasons for appeal before the record has been printed; in fact, even before the transcript of the record has been certified to the court by the Commission;[6] at a time, in other words, when it would be impossible for appellant to indicate many of the particulars which intervener contends should appear in its statement of reasons for appeal.[7]

We conclude, therefore, that appellant's statement of reasons is sufficient to satisfy the requirement of the statute. Accordingly the motions to dismiss must be denied.

*Motions to dismiss denied.*

---

[6] Section 402 (c), 48 Stat. 1093, 47 U. S.C.A. § 402 (c).

[7] See Rule No. 32 of this court. Cf. Rule 75 (d) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following § 723c.