[L. A. No. 3812.   Department One.—February 8, 1917.]

## SARA A. NICHOLSON, Appellant, v. CECIL NICHOLSON, Respondent.

MARRIAGE—ANNULMENT—CONSENT INDUCED BY THREATS—EVIDENCE.— A marriage will not be annulled at the instance of the wife on the ground that her consent thereto was obtained through menace, upon evidence merely that threats to prefer a criminal charge against her were made at the time. It was necessary to further show that such threats were the inducing cause of her consent, and, if they were, that her free exercise of will was thereby overcome to such an extent as to render her consent apparent rather than real.

ID.—WANT OF COHABITATION—IMMATERIAL OMISSION TO FIND.—In an action for such annulment, where judgment is rendered for the defendant upon the plaintiff's failure to establish that her consent was voidable because of the means by which it had been obtained, the omission of the court to find on the averment that the parties had not cohabited as husband and wife since the marriage is immaterial.

ID.—REFUSAL OF PERMISSION TO ARGUE CASE.—In such a case, where the court permitted plaintiff's counsel to present the authorities on which he relied, the refusal to permit him to argue the matter was not an abuse of discretion, nor a miscarriage of justice within the meaning of section 4½ of article VI of the constitution.

APPEAL from an order of the Superior Court of Los Angeles County refusing a new trial. Charles Monroe, Judge.

The facts are stated in the opinion of the court.

Slosson & Mitchell, George L. Keefer, John C. Miles, and Ben W. Utter, for Appellant.

SLOSS, J.—In this action, brought to annul a marriage, the defendant defaulted. After hearing the testimony adduced by the plaintiff, the court concluded that a case had not been made out, and entered judgment denying the relief sought. The plaintiff made a motion for a new trial, which was denied, and she now appeals from the order denying such motion.

The complaint alleged, as ground for annulment: "That the consent of the plaintiff to marry the defendant was obtained by force, in this, that while the plaintiff was under the influence of narcotics administered at the solicitation and request of the defendant, the defendant threatened to criminally expose a friend of the plaintiff's and thus induced the plaintiff to consent to said marriage; that immediately thereafter, and while the plaintiff was still in a dazed and obfuscated state of mind, the defendant took the plaintiff into a law office, where the marriage ceremony was performed; that the plaintiff's mind was so dazed that she did not realize what was being done or that she was really marrying the defendant."

The trial court made findings of fact, to the effect that the consent of the plaintiff to marry defendant was not obtained by force in any way; that plaintiff was not under the influence of narcotics; that she was not in a dazed or obfuscated state of mind when she was married; that her mind was not so dazed that she did not realize what was being done, or that she was really marrying the defendant, but she did know that she was marrying him, and she did marry him. The findings state further that the defendant did threaten to expose a friend of plaintiff's, to wit, one Edwards, who was a fugitive from justice after conviction of crime. The defendant, according to the findings, told the plaintiff that unless she married him he would cause said Edwards to be brought back for further proceedings; "but the plaintiff knew exactly what she was doing when she married the defendant, and the principal thing that caused her to worry was the fact that two days before she was married, she was put out of her room at the Victoria Hotel for nonpayment of her bill for two

months, and the defendant paid her bill; he then continued to try to persuade her to marry him, and she consented.''

Granting that the findings, in so far as they go beyond the issues tendered by the complaint, could not, on an appeal from the judgment, be looked to as affording support for such judgment, they do, nevertheless, serve to illustrate the impression produced by the testimony on the mind of the learned trial judge, and thus to aid in determining whether the plaintiff can maintain her contention that the evidence was such as to require the granting of the relief demanded by her.

Without detailing the evidence, we may say that it fully warranted the court in finding that the plaintiff was not under the influence of narcotics; that she was not, at the time of the marriage, in a ''dazed and obfuscated'' state of mind; that her mind was not so dazed that she did not realize what she was doing, or that she was marrying the defendant. The court found, in accordance with plaintiff's testimony, that the defendant had made threats to expose Edwards, who was a fugitive from justice. The plaintiff also testified that the defendant threatened, unless she consented to marry him, to involve her as an accomplice of Edwards. But the fact that such threats were made was not enough, in itself, to require the granting of the relief demanded. It still remained for the trial judge to determine, on the whole case, whether these threats were the inducing cause of plaintiff's consent to the marriage, and, if they were, whether the plaintiff's free exercise of will was thereby overcome to such an extent as to render her consent apparent rather than real. Section 82 of the Civil Code provides that a marriage may be annulled for various causes, including the obtaining of consent to the marriage through fraud or force. Duress and menace, which, under the code provisions dealing with contracts generally, are named as causes for avoiding consent (Civ. Code, secs. 1567, 1569, 1570), are not, *eo nomine*, specified as grounds of annulment. Plaintiff here alleged that her consent had been obtained through force. This averment was certainly not sustained, unless it can be said a threat to make criminal charges constitutes force. But, conceding that menace may be shown as ground for annulling a marriage, it still remains that the consent is deemed to have been obtained through this cause ''only when it would not have been

given had such cause not existed." (Civ. Code, sec. 1568.) The evidence as a whole tended to show that plaintiff was so situated that any of various motives and influences may have led her to consent to the marriage. One of these, namely, her financial embarrassment, is suggested in the finding above quoted. We cannot say that the conclusion reached by the court in this regard did not embody a fair and reasonable view of the evidence. This being so, the findings against the plaintiff's necessary allegations cannot be made the subject of successful attack in this court.

It was not error for the court to omit to find on the averment that the parties had not cohabited as husband and wife since the marriage. Passing the point that findings are not required in a default case, the want of cohabitation would be important only if plaintiff had established that her consent was voidable because of the means by which it had been obtained. (Civ. Code, sec. 82, subds. 4, 5.)

During the examination of the plaintiff as a witness, the court put certain questions to her. We find no impropriety in these interrogations, nor any invasion of plaintiff's rights.

Finally, it is urged that the court erred in refusing to allow plaintiff's counsel to argue the case. It appears, however, that the court did permit the presentation of the authorities upon which plaintiff relied. Ordinarily, a party to an action has the right to be heard by counsel. But the extent to which argument shall go, especially in civil cases tried without a jury, is largely in the discretion of the court. In the present case, where the issue was a simple one of fact, and only one of the parties was in court, no substantial prejudice was suffered, nor was a "miscarriage of justice" occasioned, by the refusal of the court to listen to a discussion of the effect of the evidence. (Const., art. VI, sec. 4½.) It is perfectly apparent from the record that an indulgence of counsel's desire to argue the case would have been fruitless. "Even if the inferior court erred in refusing to let the attorney speak, yet if the cause has been decided correctly, we will not reverse it, merely to give an opportunity to make a speech." (*Harrison* v. *Park*, 24 Ky. (1 J. J. Marsh.) 170, 174.)

The order denying a new trial is affirmed.

Shaw, J., and Lawlor, J., concurred.