44 Cal.App.2d 320 (1941)
Estate of HELEN H. SCHAETZEL, Deceased. H. P. BABSON, as Executor, etc., et al., Petitioners and Appellants,
v.
ELIZABETH COLTON et al., Respondents; NELL C. NICHOLS et al., Legatees and Appellants.
Civ. No. 12959. 
California Court of Appeals. Second Dist., Div. One. 
April 19, 1941.
 John C. Goff for Petitioners and Appellants.
 John J. Irwin and Clarence G. Weisbrod for Legatees and Appellants.
 T. P. Wittschen and Charles E. Beardsley for Respondents.
 DESMOND, J., pro tem.
 This is an appeal from a decree by which the probate court ordered interest to be paid to all beneficiaries of a residuary trust to whom money was bequeathed, "from April 7, 1937 (said date being one year after the death of the testatrix) until payment is made to such beneficiaries and each of them."
 Paragraph Ninth of decedent's will provides as follows: "It is my intention that the amounts set opposite the names of each beneficiary in paragraph Sixth, Subdivision 1, Resubdivision 2 hereof with the attendant provisions for increase or decrease of such various amounts shall be in fact treated *322 as legacies to such beneficiaries herein named, and I intend them so to be. The creation of the trust as herein provided and the bequest of the residue and remainder of my estate to my said trustees are intended to conveniently vest in my said trustees discretion to accumulate my said estate and withhold distribution of such legacies for a period of five years or such shorter period as my said trustees and executors shall in their discretion determine to the end that my said estate shall not be sacrificed by too early liquidation and it is my express wish that this my Will shall be so construed as to vest in my said executors and trustees herein named such discretionary power to withhold such distribution for such period up to five years from the time of probate of this my Will as they shall determine and to give effect to my wish that such sums shall be paid to the beneficiaries herein named as legacies and be treated as legacies for all purposes notwithstanding such delayed payment as is herein provided." (Emphasis added.)
 Testatrix by her will provided that, after payment of two specific legacies by her executors, all the rest, residue and remainder of her estate, both real and personal, should pass to her executors, as trustees, to be held by them upon trust for various uses and purposes. Under the terms of the trust ten individuals were named as specific beneficiaries in a certain sum of money set opposite the name of each. The balance of the estate still under the trust would pass by the terms of the will to two residuary legatees, namely, Julius G. Schaetzel, his share being fixed at $60,000, and Elizabeth Colton, whose share was fixed at $40,000. It was also provided that these two amounts of $60,000 and $40,000 might be increased, if the condition of the estate warranted, to $75,000 and $50,000 respectively; and further, if the payment of all specific beneficial interests above mentioned did not exhaust the estate, that the balance should be distributed "by dividing any surplus of the net amount of such estate equally between Julius G. Schaetzel and Elizabeth Colton, share and share alike."
 By various codicils admitted to probate certain changes in the disposition of property by testatrix became effective with the final result that one of the ten specific beneficiaries under the will is eliminated, three new names are added to that list, including Julius G. Schaetzel in the amount of *323 $20,000, and those who now hold the position of residuary legatees or residuary beneficiaries are Julius G. Schaetzel and Nell C. Nichols. Nell C. Nichols is also a trustee with Horace P. Babson, who is executor as well. Julius G. Schaetzel, Nell C. Nichols and Horace P. Babson all join in their respective capacities in the prosecution of this appeal.
 Mrs. Colton, who was named as a residuary beneficiary under the will, has now become a specific beneficiary, her share being fixed in one of the codicils as $20,000. She and Betty Colton, her daughter, who by the same codicil was bequeathed a share in the sum of $10,000, appear as respondents in this case.
 After approximately three and a half years had elapsed from the time the will and codicils were probated, respondents here caused a citation to issue directed to the executor to appear before the probate court and show cause why he should not forthwith file his final account and petition for distribution; the petition for citation stating the belief that interest "must be paid on all the legacies of the class in which the legacies to petitioners are included"; and also stating upon information and belief that the executor had, with the approval of the court, paid to himself "all or the major portion of the specific legacy of $15,000.00 distributed to him as residuary legatee of one-half of the so-called 'Morgan Trust';" further, "that said executor had, prior to December 31, 1938, already paid himself, as legatee, interest in the sum of $1,118.54 upon the unpaid balance of his $15,000.00 legacy"; and that an account rendered by an auditor "shows the payment of $1,272.45 in interest on the legacy of Nell C. Nichols prior to December 31, 1938."
 The citation issued upon this petition was dated October 5, 1939, and was returnable on October 26, 1939. There was no hearing, however, upon that last mentioned date, the citee in the meantime filing a petition for construction of the will of decedent, and both matters then came on for hearing on November 14, 1939.
 Briefly stated, this petition of executor asked the court to advise him as to whether interest should be paid the beneficiaries under the trust, and if so, whether the interest period should run "from a time one year after the death of said decedent until the time of distribution of said interests to them, or until the time of general distribution of the said *324 estate to the residuary trustees named in the will." The court, acting upon this petition, directed that interest, reckoned to the date of payment, be paid to each beneficiary. The trial judge also directed the executor to file his final account within thirty days, and by his order ruled that the "beneficiaries are entitled to look to all of the property which may be distributed to the trustees pursuant to the provisions of the last will and testament of said decedent and any codicils thereto and in accordance with paragraph fifth of the said will, and are entitled to have this distribution to the trustees made promptly, and also are entitled to have the trustees use every diligence to place the estate in a condition to make the specified payments and to make such payments without any delay that is not based upon sound reason."
 Other requests for instructions the court pronounced premature on the ground that they "contemplate contingencies which may or may not arise", and, therefore, they were denied without prejudice.
 The appeal is taken from the entire order and decree "excepting only that portion of said decree which directs the executor to file his final account and petition for distribution in said estate."
 [1] Appellants charge that error arose when the trial judge refused to receive testimony of the executor of conversations which he had with the decedent when, as her attorney, he prepared her will and codicils, relative to declarations which she made and instructions which she gave concerning the provisions of those instruments having to do with the matters mentioned in his petition. We find no error in this ruling. (Prob. Code, sec. 105. See, also, Estate of Johnson, 107 Cal.App. 236 [290 P. 314]; Estate of Watts, 186 Cal. 102 [198 P. 1036].) In Estate of Watts, reported in 179 Cal. 20 [175 P. 415], the court said (p. 23), "We must determine her intent from the language of her will, and where that language is clear and unambiguous, it 'must be interpreted according to its ordinary meaning and legal import, and the intention of the testator ascertained thereby.' (Estate of Blake, 157 Cal. 448, 459 [108 P. 287, 291].)"
 [2] Appellants call our attention to that clause of the will which provides that "no beneficiaries shall take any vested or alienable interest in the principal or any accumulation of this trust estate until the time of actual distribution *325 under the terms hereof", and apparently conclude that by reason of these words an uncertainty arises which must be cleared away. If there is any uncertainty, it cannot be explained by a resort to oral declarations which the testatrix may have made (Prob. Code, sec. 105), and it does not appear that the trial judge found any uncertainty. He was governed by the rule that the intention of the testatrix in regard to disposition of her property must be given effect whenever it can be ascertained, and the further rule in regard to interest due upon legacies that that matter is "controlled by a testator's express intention." (Prob. Code, sec. 163.) This testatrix authorized her trustees to withhold distribution of "such legacies", but also expressly stated that it is "my wish that such sums shall be paid to the beneficiaries herein named as legacies and be treated as legacies for all purposes notwithstanding such delayed payment as is herein provided." In re Williams, 112 Cal. 521 [44 P. 808, 53 Am.St.Rep. 224], presents a case where the testator made provision for delayed payment of legacies, but there the court held that, when paid, they should have added thereto interest reckoned from the first anniversary of the testator's death. The testatrix in the instant case, while providing that prior to final payment to her beneficiaries they should take no vested or alienable interest in the trust, expressed no intent that when the amounts allotted to them were paid they should not carry interest. Quite to the contrary, she says: "It is my intention that the amounts ... shall be in fact treated as legacies ... and I intend them so to be." Treating these shares as legacies, the court properly ruled that they should carry interest. [3a] It seems an excess of caution which leads the executor, after he has asked and received from the court directions on this subject, to appeal from the decision which makes those directions effective.
 [4] It is charged that the court erred in failing to sign and file findings of fact and conclusions of law after the court heard jointly the petition citing the executor to account and distribute, and the petition of the executor for construction of the will. Appellants state "issues of fact were presented upon the hearing in respect to both petitions ... A single order was made covering all matters heard. Neither findings of fact nor conclusions of law being made, signed or filed, said order can be of no force or effect and should be declared *326 a nullity. ..." However, as we have stated, this appeal was not taken from the portion of the decree which directed the executor to file his final account and petition for distribution within thirty days, so, if a question of fact, upon issue joined, was there decided (and we do not say that such was the case) without written findings and conclusions signed by the trial judge, that is a matter of no moment now.
 So far as the other matters inquired into at the hearing are concerned, that is, the proper construction of the will and codicils and the determination by the court of what instructions should issue to the executor upon his request, no written findings were necessary, for, as respondents state in their brief, there was here "no objection, pleading, nor filing traversing any allegation of the executor's petition for a construction of the will. No issue of fact was raised by that petition. The construction of the will was solely one of law." (Citing Estate of Donnellan, 164 Cal. 14, 19 [127 P. 166].)
 [5] It is claimed that the court committed error in denying requests propounded by the executor for instructions on various other matters. But the denial was made without prejudice to renewal of the requests, and upon the ground that they were premature. We have examined them. They seem not only premature, but largely suppositional in their nature. Whether appellants have found any occasion to renew these requests or any of them does not appear, but by the very terms of the order complained of that right was secured to them. No error arose in this regard.
 [6] Appellants seem to feel aggrieved because the court by its order sought to secure for the future prompt action in this estate, where, after a lapse of almost four years, the issuance of a citation finally procured an order for an accounting and distribution. But the paragraph to which exception is taken closed with the words, "to make such payments without any delay that is not based upon sound reason." This language of the trial court furnishes no ground for a charge of error. On the contrary, we consider it commendable. We note that by the terms of Mrs. Schaetzel's will "in any event the assets of my estate shall be disposed of so as to make possible the distribution of the body of the trust estate and termination of the trust within a period of five years from the date of probate of this my Will and so much earlier as shall seem to my executors wise." This will was admitted to probate *327 on May 14, 1936, and, if the instruction of the testatrix is observed, her property will be distributed and the trust created by her will terminated before, and not after, May 14, 1941.
 [3b] The order of the probate court is affirmed. Costs of this appeal to be paid by the appellants and not in any part from the funds of the estate. (Prob. Code, sec. 1232.) Nothing in this opinion is to be construed as an intimation on our part that any fees should be allowed in probate to the executor or trustees or any attorney representing them, or either of them, in connection with this appeal.
 York, P. J., and Doran, J., concurred.