**BATES v. BATES et al.**

**SAME v. COLPOYS, Marshal.**

**Nos. 8579–8581 and 8604.**

United States Court of Appeals
District of Columbia.

Argued Feb. 11, 1944.

Decided March 27, 1944.

Mr. Arthur J. Hilland, of Washington, D. C., for appellant.

Mr. Jean M. Boardman, of Washington, D. C., for appellee Dorothy Bates.

Messrs. Edward M. Curran, U. S. Atty. (John L. Ingoldsby and Charles B. Murray, Asst. U. S. Attys., all of Washington, D. C., on the brief), for appellee Colpoys.

Before GRONER, Chief Justice, and MILLER and EDGERTON, Associate Justices.

EDGERTON, Associate Justice.

Appellee Dorothy N. Bates filed a complaint for maintenance against her husband, appellant Harrison Bates. She charged that his cruelty had compelled her to leave him and that he had refused to support her. She asked for maintenance pendente lite. She did not ask for divorce, either absolute or limited. The court, upon the pleadings and depositions, ordered appellant to pay $500 forthwith, $150 a month pendente lite, and $308.80 suit money. He failed to do so and was committed for contempt. He sued out a writ of habeas

corpus which was discharged. He appealed (Nos. 8579, 8580) from the award of maintenance pendente lite and suit money, (No. 8581) from the order imprisoning him for contempt, and (No. 8604) from the order discharging his writ of habeas corpus. He gave bond for the satisfaction of the contempt judgment and was released from custody. He is now in Florida.

■ The District Code authorizes suits for maintenance.[1] It does not expressly authorize awards of maintenance and suit money pendente lite, but those awards were within the District Court's discretion under its general equity powers.[2]

■ However, the District Code provides that where a decree directs only the payment of money, "no defendant shall be imprisoned except in those cases especially provided for."[3] The court has "no power" to overstep that limitation.[4] Imprisonment is "especially provided" for enforcement of permanent maintenance,[5] and also for enforcement of alimony "during the pendency of a suit for divorce."[6] But the orders in this case are not in either of those categories. Imprisonment is not "expressly provided" for enforcement of maintenance pendente lite. It is true that the code permits enforcement of interlocutory orders by the same process as final decrees.[7] But an order requiring the payment of maintenance, even pendente lite, is a final and not an interlocutory order. It follows that the court had no power to imprison appellant.

■ "The argument that the appeal [in the habeas corpus case] should not be entertained, because the appellant has been released on bail, and therefore; as is claimed, is not now restrained of his liberty, is plainly unsound. The appellant may not be in prison; but he is in the custody of the law, and is most unquestionably restrained of his liberty."[8] The

motion of appellee Colpoys to dismiss the appeal as moot is therefore denied.

Appellee Dorothy N. Bates will be allowed counsel fees of $250 on these appeals.

Nos. 8579, 8580, affirmed;

Nos. 8581, 8604, reversed.

---

[1] D.C.Code, 1940, § 16—415.

[2] Lesh v. Lesh, 21 App.D.C. 475; Pedersen v. Pedersen, 71 App.D.C. 26, 107 F. 2d 227; Howard v. Howard, 72 App.D. C. 145, 112 F.2d 44; Reed v. Reed, 52 App.D.C. 35, 280 F. 1009.

Local Rule 16(a) of the District Court, which provides that "Allowance by the court of compensation to an attorney, fiduciary or guardian ad litem shall be made only on written motion supported by a statement detailing with particularity the nature and extent of services rendered, the time devoted thereto," etc., does not

appear applicable to an award to a wife, pending a maintenance suit, "on account of counsel fees to enable her to conduct her case."

[3] D.C.Code 1940, § 11—326.

[4] Rapeer v. Colpoys, 66 App.D.C. 216, 219, 85 F.2d 715.

[5] D.C.Code 1940, §§ 16—415, 16—411, 16—410.

[6] D.C.Code 1940, § 16—410.

[7] D.C.Code 1940, § 11—327.

[8] Costello v. Palmer, 20 App.D.C. 210, 218.