**BURMAN et al. v. LENKIN CONST. CO.
et al.**

**No. 8877.**

United States Court of Appeals
District of Columbia.

Argued March 14, 1945.

Decided May 14, 1945.

Mr. Jacob N. Halper, of Washington, D. C., for appellants.

Mr. Leo A. Rover, of Washington, D. C., with whom Mr. Irvin Goldstein, of Washington, D. C., was on the brief, for appellees.

Before GRONER, Chief Justice, and MILLER and EDGERTON, Associate Justices.

PER CURIAM.

Appellant Louis Burman, who was plaintiff below, brought this action for himself and for his wholly owned corporation, Oxon Park Housing Corporation, against Lenkin Construction Company and others for damages for breach of contract and for the recovery of $1,500 paid by him in compromise of the differences between the parties, but which he claims was paid under duress and coercion. The court below entered summary judgment for the defendants (appellees).

The controversy grows out of a contract made in October, 1942, in which Burman agreed with Lenkin Company to employ the latter in the construction of not less than fifteen nor more than thirty four-family buildings upon certain unimproved land in the District of Columbia which Burman had agreed to purchase. It was understood that the performance of the contract depended upon obtaining certain priorities for the use of critical materials necessary in the construction of the buildings and the obtaining of commitments from the Federal Housing Administration of loans covering the cost of construction. Oxon Park Housing Corporation, as owner, was awarded the necessary priority permits, which named the Lenkin Company as builder and contractor, but it was claimed by Lenkin that commitments covering first trust loans in an amount sufficient to cover the cost of construction, which the agreement required Burman to obtain, were never secured, and after written notice to Burman, Lenkin declined to go forward until the commitments were had.

Burman thereupon, without notice to Lenkin, entered into a contract to sell the entire project to another and agreed as a part of that transaction to obtain from Lenkin and transfer to the new party the priorities covering the necessary building materials. But Lenkin declined to make the transfer, claiming default on Burman's part. Whereupon Burman and Lenkin entered into an agreement, dated November 28, 1942, to cancel their contract and to settle all their differences. This agreement contemplated the payment by Burman of $1,500 to Lenkin and the release of the latter from any and all claims or demands of Burman, and Lenkin on its part agreed to transfer to Burman the priorities award and to release Burman from any claims of Lenkin in connection with the original project.

On this appeal the points relied upon are (1) that, since the pleadings raise the question of duress in obtaining the release, the

court erred in entering summary judgment and (2) that the court erred in failing to state separately its findings and conclusions of law in accordance with Rule 52(a), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

■ (1). If the agreement between the parties in which they settled their differences is not subject to the charge that it was obtained by coercion, its terms conclude either of the parties as to any claim of the one against the other in relation to the original agreement. We think the deposition of appellant Burman, the facts of which are admitted by the motion for summary judgment, clearly negatives the charge that the compromise was obtained through coercion. Unquestionably, there were differences between the parties, and it is not difficult to find in the record evidences of failure of performance in minor respects on both sides. But this was known and understood by the parties when the settlement was made. At that time each perfectly understood that the other was surrendering all his claims; and each agreed on the consideration for such surrender. Appellant got what he sought in the transfer of the priorities to purchase the building materials, without which the subsequent sale for which he had already contracted could not have been consummated, and the $1,500 paid by him was then and there understood as fair compensation to the other party for giving up the priorities and relinquishing its rights under the building contract.

The deposition indicates clearly that it was Burman who "insisted" on the settlement, rather than yielding to it as a result of the defendant's coercion. By obtaining the release of the priorities he was able to make a profit on the sale of the land. There is nothing in his testimony which even tends to support his allegation of "duress of property," or which shows that he entered into the compromise from *fear* or *threats*, or that, in agreeing to what he did agree to, he was not acting in the full exercise of his business judgment.

■ (2). We have carefully read and considered the entire record, and while we think it is always desirable, on a trial to a judge without a jury, that the facts should be found to aid us in understanding the basis of the decision, we are nevertheless of opinion that here the record considered as a whole does not present a genuine issue as to any material fact—in view of which it would be both a waste of time and a needless expense to send the case back to the District Court for special findings of fact.

Affirmed.