**QUEEN v. QUEEN.**

**No. 10718.**

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 19, 1950.

Decided Jan. 25, 1951.

Mr. Henry J. Siegman, Washington, D. C., with whom Mr. John J. O'Brien, Washington, D. C., was on the brief, for appellant.

Mr. John Alexander, Washington, D. C., for appellee.

Before EDGERTON, FAHY, and WASHINGTON, Circuit Judges.

FAHY, Circuit Judge.

Appellant was found in contempt by the District Court for failing and refusing to pay amounts previously specified by order of the court for the maintenance of two minor children. The question is whether the contempt order is valid insofar as it includes imprisonment as a means for its enforcement. Ordinarily when a decree directs only the payment of money—the present decree is of this character—one may not be imprisoned for its disobedience. § 11–326, D.C.Code (1940). But the same Code provision does permit imprisonment as a means of enforcement "in those cases especially provided for." Thus, the payment of permanent alimony may be enforced by imprisonment;[1] and § 16–415, D.C.Code (1940, Supp.—) provides that a decree that a husband pay his wife "for the maintenance of herself and the minor children, if any, committed to her care by the court" may be enforced in the same manner as directed in regard to the payment of permanent alimony.[2] The case turns on whether the present order is within § 16–415, supra. No suggestion is advanced that it comes within any other authorization of imprisonment.

. Section 16–415 by its terms applies only to an order which requires a husband to make payments. The disobeyed order now before us is not of this kind, as is shown by its history. On May 3, 1943, on complaint of the appellee, then the wife of appellant, the court below entered a consent order that her husband pay her six dollars each week for the support and maintenance

1. § 16–410, D.C.Code (1940).

2. "Whenever any husband shall fail or refuse to maintain his wife and minor children, if any, although able so to do, the court, on application of the wife, pendente lite and permanently, may decree that he shall pay her, periodically, such sums as would be allowed to her as pendente lite or permanent alimony in case of divorce for the maintenance of herself and the minor children, if any, committed to her care by the court, and the payment thereof may be enforced in the same manner as directed in regard to the payment of permanent alimony." Act of June 20, 1949, c. 228, 63 Stat. 213, amending § 16–415, D.C.Code.

of their two minor children, until further order of the court. In that proceeding, on July 25, 1949, the appellee moved that appellant be adjudged in contempt, and for money judgment, due to his failure to abide by the terms of the May 3, 1943, order. On October 7, 1949, the court entered another consent order, this one to the effect that the appellant pay the appellee ten dollars each week for the maintenance of the two minor children, beginning September 30, 1949, and until the further order of the court. The contempt order now before us is based on appellant's disobedience of this second order, of October 7, 1949. Some years prior thereto the parties had been divorced. Each had remarried.[3] When, therefore, the disobeyed order was made appellant was not the husband of the appellee, and the provisions of § 16–415 relating to imprisonment do not apply. Rapeer v. Colpoys, 1936, 66 App.D.C. 216, 218, 85 F.2d 715, 717. It was there held that these provisions[4] define "the power of a court to make a support money order against a husband for the benefit of a wife and minor children, and do[es] not embrace the case of an order against a divorced father."

There is the factual difference that in the Rapeer case the divorce had occurred prior to any order for payment of maintenance, whereas in the present case the divorce was subsequent to the original order of May 3, 1943, when the parties were husband and wife. But the contempt decree under review is for violation only of the provisions of the order of October 7, 1949, and that order is distinct from and replaces the earlier one of 1943. The 1949 order provides for a larger weekly payment and looks only to the future. It contains no provision as to arrearages. The contempt therefore was disobedience of an order

entered when, under the Code, appellant was no longer the husband. Such an order for the payment of money alone may not be enforced by imprisonment. Rapeer v. Colpoys, supra.

Appellee urges that Wedderburn v. Wedderburn, 1917, 46 App.D.C. 149, applies and is to the contrary. In that case it is true the original order was prior to the divorce, as in the case at bar, and the order in contempt was after the divorce, also as in the case at bar; but the contempt was of the original order, and this difference is critical.

We do not disturb the adjudication of contempt, but the order should be modified consistently with this opinion.

Remanded for modification of order.

---

3. While no findings in this regard are before us, it appears from an affidavit of appellee that in September, 1943, appellant obtained in Virginia a decree of absolute divorce from her on the ground of desertion. She states in the affidavit that this was without notice of any kind to her, that appellant has since remarried twice, and that she after learning of the divorce also remarried. We have no

basis upon which to decide the status of the divorce proceedings. We consider appellee, for present purposes, as she has considered herself, that is, as no longer the wife of appellant when the order of October 7, 1949, was entered.

4. The provisions were then known as § 75 of Title 14, D.C.Code (1929), and were in all respects now material the same as present § 16–415.