Lewis W. FEICK, Appellant,

v.

Mabelita Mead FEICK, Appellee.

No. 12172.

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 9, 1954.

Decided Nov. 19, 1954.

Petition for Rehearing En Banc Denied
Dec. 23, 1954.

Mr. Arthur J. Hilland, Washington, D. C., for appellant. Mr. Vincent C. Burke, Jr., Washington, D. C., entered an appearance for appellant.

Mr. J. Benjamin Simmons, Washington, D. C., with whom Mr. Harry L. Horton, Washington, D. C., was on the brief, for appellee.

Before WILBUR K. MILLER, BAZELON and DANAHER, Circuit Judges.

PER CURIAM.

June 13, 1942, Mrs. Feick filed this suit in the United States District Court for the District of Columbia against her husband, seeking custody of their two infant children and reasonable maintenance for them and for herself. A judgment entered January 11, 1944, as slightly modified June 30, 1947, by a supplemental judgment, awarded custody to the wife except for fifteen days in each July. Maintenance was denied the wife but the husband was ordered to pay her $150.00 per month for the support of the children, except for any period they were in his custody or in summer camp at his expense.

October 12, 1953, Mrs. Feick asked the District Court to hold her former husband[1] in contempt for failing to make the required payments during the period from September 1, 1951, through October 31, 1953. A hearing on the motion was had February 15, 1954. Feick's defense was that the District Court lacked jurisdiction to enter the 1944 maintenance order and that in any event the 1946 Connecticut divorce had ex-

1. In the meantime the parties had been divorced by the decree of a Connecticut court, which is not attacked.

tinguished it and had rendered nugatory the supplemental order of 1947. He seems to have offered no other excuse for not making the payments required by these orders, which he admits he did not make.[2]

■ The district judge rejected—we think correctly—Feick's legal argument of non-liability for the accrued maintenance. Having done so he had no alternative but to find him guilty of contempt. Cf. Kephart v. Kephart, 1951, 89 U.S.App.D.C. 373, 193 F.2d 677.

Queen v. Queen, 1950, 88 U.S.App.D.C. 157, 188 F.2d 624, cited by the appellant, is not in point. There the contempt order before us was based on an award of maintenance made after the parties had been divorced. Here the contempt order was expressly based on the maintenance order of January 11, 1944, and the Connecticut divorce was granted in 1946. Moreover, the monetary awards of the 1944 order and its undertakings with respect thereto were expressly continued "in full force and effect" by the 1947 order which dealt only with altered vacation custody of the minor children.

Notwithstanding his guilt of contempt, our reading of the record convinces us that Feick is an affectionate, indulgent father who is keenly interested in the education and welfare of his children. He has been generous in his expenditures in their behalf. The mistake he made was in deciding for himself how he should provide for his children instead of obeying the District Court's orders. We said in the Kephart case that a husband may not avoid the consequences if he takes the law into his own hands and ceases to obey a maintenance order. Feick did not apply to the District Court for a modification of the orders and continues to be bound by them.

■ In the circumstances we consider the District Court's sentence of one year in jail as too severe and shall direct that the term of imprisonment be reduced to thirty days, unless the appellant sooner purges himself of contempt.

Judgment affirmed as modified.

---

2. In oral argument Feick's counsel conceded the correctness of the trial judge's finding that appellant had failed by $3,- 230.00 to pay the maintenance instalments which had become due by November 1, 1953, under the District Court's former orders.