**Nell M. LEONARDO, Appellant,**

v.

**Peter S. LEONARDO and Rebecca Outeri, Appellees.**

**No. 13449.**

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 6, 1956.

Decided Dec. 13, 1956.

------

Mr. Joseph M. Bonuso, Washington, D. C., for appellant.

Mr. James G. Tyson, Washington, D. C., for appellees.

Before WILBUR K. MILLER, BAZELON and BURGER, Circuit Judges.

BAZELON, Circuit Judge.

Appellant sued to impress her dower rights upon certain real property in the District of Columbia, claiming that she was the common law wife of appellee Leonardo and that she had contributed her funds and services to the improvement of the property and the enhancement of its value. Appellee denied the marriage and contended, moreover, that prior to the date of the claimed marriage, he had made a bona fide conveyance of the property to his daughter, appellee Outeri.

The district judge, after trial, concluded that the Leonardos entered into a common law marriage on July 9, 1945.

So far as the property is concerned, a vigorous contest developed at the trial as to whether it was in fact conveyed to the daughter, appellant contending that there was merely a paper transaction designed only to defeat appellant's rights but not actually affecting the ownership of the property. We do not reach the question whether the record supports a finding that the property was conveyed to the daughter, for we are stopped at the threshold by the insufficiency of the judge's finding in this regard. His conclusion that "title to the property * * * was acquired by the daughter * * * before the common law marriage was entered into * * * " was based upon a finding that the property "was *deeded* by the defendant Leonardo to his daughter before the common law marriage was entered into; that the daughter paid $10 as consideration for the said property; and that thereafter she executed a power of attorney to the defendant Leonardo, which authorized him to manage the property and live therein rent free; that no misconduct was shown against the defendant, Rebecca Outeri, to warrant a judgment or decree against the said property." (Emphasis supplied.) No finding was made as to whether or not the deed was delivered, a point as to which there seems to be substantial doubt on the basis of this extremely confusing and inadequate record. The insufficiency of the findings in this critical respect requires that the judgment be reversed and the case remanded with directions to make adequate findings. If necessary for this purpose, further evidence should be taken.

Upon this remand, the record should also be made to reflect the evidence which, according to the judge's findings, "disclosed that the plaintiff and the defendant Leonardo owned real estate by the entirety in Maryland; that the plaintiff's interest in the Maryland property fairly represents plaintiff's equitable interest in the property acquired by reason of the common law marriage." On oral argument counsel agreed that all the evidence bearing upon this finding was given "off the record."

Reversed and remanded with directions.