Thomas F. **LUNDREGAN**, Appellant,

v.

Mrs. G. Jeannette **LUNDREGAN**, Appellee.

No. 14148.

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 17, 1957.

Decided Jan. 17, 1958.

Mr. John J. O'Brien, Washington, D. C., for appellant.

Mr. Walter M. King, Jr., Washington, D.C., for appellee.

Before PRETTYMAN, FAHY and BASTIAN, Circuit Judges.

FAHY, Circuit Judge.

The appeal is from an order of the District Court adjudging the appellant to be in contempt of that court for failure to obey its order for the payment of permanent maintenance and support for the minor children of himself and his wife, the appellee, and committing him to the Washington Asylum and Jail for a period of thirty days or until such earlier time as he should purge himself of such contempt by making payment of the sum of $225, or until further order of the court.

Under our Code one may not be imprisoned to compel obedience to a court order directing the payment of money "except in those cases especially provided for." 31 Stat. 1208 (1901), § 11–326, D.C.Code (1951). The only case especially provided for that has possible application here is where a husband fails or refuses to maintain his wife and minor children, although able to do so, after the court has decreed that he shall do so. 31 Stat. 1346 (1901), as amended, § 16–415, D.C.Code (1951), read with 31 Stat. 1346 (1901), as amended, § 16–410, D.C. Code (1951). See Queen v. Queen, 88 U.S.App.D.C. 157, 188 F.2d 624.

It has been the rule in this jurisdiction that when the validity of a commitment for contempt for nonpayment of a money judgment is questioned, the court will look behind the commitment order to the money judgment itself, and if that judgment is invalid on its face as a basis for commitment then the commitment will not be sustained. Bates v. Bates, 79 U.S.App.D.C. 14, 141 F.2d 723; Rapeer v. Colpoys, 66 App.D.C. 216, 85 F.2d 715. The rule that a decree of court, assuming a jurisdictional basis, must be obeyed until set aside by judicial process,[1] is not deemed applicable because of the Congressional policy against imprisonment for debt except where Congress has explicitly provided therefor.

In the present case neither the underlying order of the District Court for the payment of money for maintenance of the minor children nor the commitment order itself rests upon the

1. See United States v. United Mine Workers, 330 U.S. 258, 293–295, 67 S.Ct. 677, 91 L.Ed. 884.

necessary finding that the husband has failed or refused to maintain his wife and minor children although able to do so. We may not supply a finding required for the validity of the commitment.[2] We cannot say even that the court was aware of the necessity of ascertaining the facts requisite to the making of such a finding.

We do not question the validity of the money judgment except as a basis for imprisonment.

Reversed.

BASTIAN, Circuit Judge (dissenting).

This appeal is from an order of the District Court adjudging appellant to be in contempt for failure to obey its order for the payment of maintenance and support, both temporary and permanent, for the minor children of himself and his wife. As I read the majority opinion, the case is reversed because the underlying order for the payment of maintenance does not rest, on the record, upon the necessary finding that the husband has failed or refused to maintain the children; and apparently, further, that the order of contempt contains no such finding. As the matter presents a serious question and one that may affect many cases involving the support of children, I must dissent. I feel that both the underlying order for maintenance and the order for contempt are proper.

## I.

### The Order for Maintenance.

This action was instituted by the appellee wife against the appellant husband, a member of the Metropolitan Police Force, for maintenance of the minor children of the parties. On June 24, 1957, the District Judge, on final hearing, found that the wife was justified in leaving the family home, awarded the custody of the three minor children to the wife with right of visitation by the husband,

and awarded the maintenance and support of the children the sum of $37.50 every two weeks. No appeal was taken from that order.

Previous to the final order, another District Judge, after hearing, had awarded the wife temporary maintenance for the children in the sum of $50 every two weeks, which was later reduced, after hearing before still another District Judge, in a temporary order to $37.50 every two weeks.

Neither the order for temporary maintenance nor that for reduction in the amount of temporary maintenance was appealed; nor was the final order of maintenance appealed, and that order is now final.

This final order for maintenance is, in my opinion, determinative of the jurisdictional requirements for the order. If appellant was not satisfied, or if he felt there were not proper findings, he should have appealed. This he did not do. It is well settled that the findings of fact and conclusions of law are not necessary unless an appeal is taken. See, e. g., Lee v. Walworth Co., D.C., 1 F.R.D. 569. The purpose of such findings and conclusions is simply to allow the appellate court, if appeal is taken, to have a clear understanding of the basis of the trial court's decision. Skelly Oil Co. v. Holloway, 8 Cir., 1948, 171 F.2d 670; Goodacre v. Panagopoulos, 1940, 72 App.D.C. 25, 110 F.2d 716. Certainly a judgment may not be collaterally attacked, as this one is, by reversing or remanding because of lack of findings after a judgment is final and unappealed, any more than it may be attacked after finality by reviewing the testimony.

In Bates v. Bates, 1944, 79 U.S.App. D.C. 14, 15, 141 F.2d 723, 724, we held:

"The District Code [1940, § 16–415] authorizes suits for maintenance. It does not expressly authorize awards of maintenance and suit money pendente lite, but those

---

2. See Leonardo v. Leonardo, 99 U.S.App. D.C. 291, 239 F.2d 454; and see, also, Vendemia v. Cristaldi, 95 U.S.App.D.C.

230, 221 F.2d 103; Sanders Bros. Radio Station v. FCC, 70 App.D.C. 297, 300, 106 F.2d 321, 324.

awards were within the District Court's discretion under its general equity powers.

"However, the District Code provides that where a decree directs only the payment of money, 'no defendant shall be imprisoned except in those cases especially provided for.' The court has 'no power' to overstep that limitation. Imprisonment is 'especially provided' for enforcement of permanent maintenance, and also for enforcement of alimony 'during the pendency of a suit for divorce.' But the orders in this case are not in either of those categories. Imprisonment is not 'expressly provided' for enforcement of maintenance pendente lite. It is true that the code permits enforcement of interlocutory orders by the same process as final decrees. But an order requiring the payment of maintenance, even pendente lite, is a final and not an interlocutory order. It follows that the court had no power to imprison appellant."

However, in 1949 § 16–415 was amended by including words permitting imprisonment for contempt for failure to pay maintenance *pendente lite*. Thus, *pendente lite* maintenance was placed in the same status as permanent maintenance, and failure to comply with the order for *pendente lite* maintenance is attended with the same consequences as failure to comply with an order for permanent maintenance, and imprisonment is "especially provided" for such failure.

From the above it seems clear that the underlying order for maintenance is valid, not only on its face but also as a matter of law. There is a jurisdictional basis for the decree and it may be enforced, in my opinion, by the means provided in § 16–415, as amended.

## II.

### The Contempt Order.

The appeal in this case is, as stated, from the contempt order. That order, in my opinion, is entirely proper.

On July 9, 1957, motion was filed to adjudge the husband in contempt for failure to comply with the order of court, it being alleged by appellee that appellant "is gainfully employed and is able to pay the amount now due"; that "he is now in arrears of payments due in the sum of $225.00"; and that his "failure and refusal to obey the orders has been willful and contemptuous." *No answer whatsoever to nor denial of the quoted allegations was filed to this motion.* On August 9, 1957, the court entered its order adjudicating the husband in contempt and committing him to the Washington Asylum and Jail for a period of thirty days "or until such earlier time as he shall purge himself of his contempt by paying" the amount of the arrears. The form of this order is one that has been used in the District Court for years, and I do not see why the case should be reversed simply because formal findings as to ability to pay, etc., were not stated in either of the orders. The purpose of findings is to determine issues presented to the court for determination. In Rule 52, F.R.Civ.P., 28 U.S.C.A. reference is made to findings of fact in actions *tried* [by the court] without a jury.

There was, of course, no "trial" of the issue of contempt. All of the necessary facts were undenied, namely, that appellant was gainfully employed and able to pay the amount due, and that his failure and refusal to obey the order were willful and contemptuous. Appellant made no effort to controvert these allegations, which were simple and which stood undenied; and any findings of fact would have been, in my opinion, totally useless and unnecessary.

Findings of fact are not necessary where there is no conflict of evidence in the record, Painter v. Prudential Ins. Co. of America, 228 Mo.App. 576, 71 S.W.2d 483; where there is no dispute about the facts, Mobile Drug Co. v. United States, D.C.S.D.Ala. 1930, 39 F.2d 940, Price v. Gordon, 347 Mo. 350, 147 S.W.2d 609, Burkley v. City of Philadelphia, 339 Pa. 426, 15 A.2d 201, In re Schaetzel's Estate, 44 Cal.App.2d 320, 112 P.2d 324; where

all the material facts are admitted by the pleadings or stipulated, United States Trust Co. of New York v. Sears, D.C. 1939, 29 F.Supp. 643, 645,[1] Crane Co. v. Borwick Trenching Corp., 138 Cal.App. 319, 32 P.2d 387; or where there has been a default, Nicholson v. Nicholson, 174 Cal. 391, 163 P. 219, Waller v. Heinrichs, 133 Wash. 7, 233 P. 23.

This court, in Burman v. Lenkin Const. Co., 1945, 80 U.S.App.D.C. 125, 126, 149 F.2d 827, 828, I think disposes of the present case adversely to appellant. There we said:

> "We have carefully read and considered the entire record, and while we think it is always desirable, on a trial to a judge without a jury, that the facts should be found to aid us in understanding the basis of the decision, we are nevertheless of opinion that here the record considered as a whole does not present a genuine issue as to any material fact— in view of which it would be both a waste of time and a needless expense to send the case back to the District Court for special findings of fact."

See also Rossiter v. Vogel, 2 Cir., 1945, 148 F.2d 292.

In Yanish v. Barber, 9 Cir., 1956, 232 F.2d 939, 947, the following appears:

> "Moore's Federal Practice (2d Ed.) Vol. 5, states at p. 2662, 'The failure of the trial court to comply with Rule 52, while characterized as a dereliction of duty does not demand a reversal "if a full understanding of the question presented may be had without the aid of sepa-

rate findings," ' quoting from Shellman v. Shellman, 1938, 68 App.D.C. 197, 95 F.2d 108, 109, and citing cases.

> "A recognized exception to the general rule, requiring a case to be sent back for lack of findings, is where ' * * * the record considered as a whole does not present a genuine issue as to any material fact * * *.' Burman v. Lenkin Const. Co., 1945, 80 U.S.App.D.C. 125, 149 F.2d 827, 828. See Urbain v. Knapp Brothers Mfg. Co., 6 Cir., 1954, 217 F.2d 810, 816, 817, quoting Burman v. Lenkin Const. Co., supra, with approval. So when the facts are undisputed, though no finding is made, the case need not be remanded, Sbicca-Del Mac, Inc., v. Milius Shoe Co., 8 Cir., 1944, 145 F.2d 389, 400, and cases cited; Aetna Life Ins. Co. v. Meyn, 8 Cir., 1943, 134 F.2d 246, 249."

The contempt order was properly entered, on adequate grounds; no necessity existed for findings, and all jurisdictional requirements were present. The order should not be set aside.

### Conclusion.

In any event, the case should not be *reversed.* The most that should be ordered—and I think this altogether unnecessary—is to remand the case for findings. See Irish v. United States, 9 Cir., 1955, 225 F.2d 3, 8, where the court said:

> "In a case where the necessary findings are lacking on the appeal, the court does not dismiss the ap-

---

[1] Circuit Judge Clark, sitting as a District Judge, used this language: "Since, therefore, all statements of fact made on behalf of either the plaintiffs or the defendant stand admitted in the documents on file, no formal findings of fact by the court are required. Rule 52(a), F.R.C.P."

See also Jones v. New York Cent. R. Co., 6 Cir., 1950, 182 F.2d 326, 327, where the court said: "The case was tried to the court without the intervention of a jury and upon a stipulation of facts. Because of this stipulation the court con-

cluded that there was no genuine issue raised as to any material facts, and obviously for this reason it did not make findings in accordance with Rule 52, Federal Rules of Civil Procedure, 28 U.S. C.A., as such findings were not required. See Lucking v. Delano, 74 App.D.C. 134, 122 F.2d 21, 22; Thomas v. Peyser, 73 App.D.C. 155, 118 F.2d 369, 374."

See also Fontes v. Porter, 9 Cir., 1946, 156 F.2d 956, 957, where the court held: "Neither proof nor finding is requisite in respect of uncontested issues."

peal, but vacates the judgment and remands the case to the district court for appropriate findings of fact. Kelley v. Everglades Drainage District [1943, 319 U.S. 415, 63 S.Ct. 1141, 87 L.Ed. 1485]; United States v. Trubow, 9 Cir., 1952, 196 F.2d 161; Steccone v. Morse-Starrett Products Co., 9 Cir., 1951, 191 F.2d 197; Waialua Agr. Co. v. Maneja, 9 Cir., 1949, 178 F.2d 603, certiorari denied, 339 U.S. 920, 70 S.Ct. 622, 94 L.Ed. 1344."

I think the contempt order should be affirmed.