**Elmo T. WINES, Jr., Appellant,**

v.

**Irene M. WINES, Appellee.**

**No. 6175.**

District of Columbia Court of Appeals.

Argued Feb. 28, 1972.

Decided May 22, 1972.

John J. Dwyer, Bladensburg, Md., for appellant.

Arthur J. Whalen, Jr., Washington, D. C., for appellee.

Before KERN, REILLY, and YEAGLEY, Associate Judges.

REILLY, Associate Judge:

This case is before us on an appeal by a husband from an order of the Superior Court holding him in contempt by reason of his noncompliance with a decree, entered on May 24, 1968, requiring him to pay his wife (appellee here) a specified amount each week for separate maintenance.[1] The challenged adjudication stems from a motion and affidavit filed by appellee on May 7, 1971, in which she averred that the husband

1. The decree for separate maintenance payments was made by a judge sitting in the Domestic Relations Branch of the old Court of General Sessions, subsequently incorporated into the Family Division of the Superior Court of the District of Columbia.

. . . has not paid since March 4–71 says he will not pay he has remarried and needs the money to support new wife and buy furniture.

On June 15, 1971, the husband filed a motion to vacate the decree for separate maintenance, opposing the motion for contempt and offering as defenses a divorce granted by a Virginia court and an assertion that the complainant's income was at least equal to his. He also served the complainant a document entitled "Notice to Produce", demanding that she turn over copies of her federal and state income tax returns. On June 23, 1971, she filed a motion to quash this notice and on September 1, 1971, an opposition to the husband's motion to vacate.

On September 8, 1971, hearing on all three motions was held, with counsel for both parties arguing. Neither side presented or asked to present witnesses. The court took the motions under advisement and issued its order on October 7, 1971. The court considered the motion to quash as moot and denied the husband's motion to vacate because no copy of the divorce decree was proffered, and complainant's characterization of the divorce action as *ex parte* was not disputed.

The court held the husband in contempt, noting that "defendant has not alleged any inability to pay, nor . . . sustained his burden of demonstrating any valid legal basis for nonpayment." The court also found that the husband had failed and refused "to make the required . . . support payment . . . although able to do so."

The court committed the husband to jail, but stayed execution of the commitment provided payments were resumed, and the arrearage satisfied by additional weekly installments. Appellant complied with these conditions.

In objecting to this disposition of the case, appellant advances several arguments, only one of which warrants discussion. This is the contention that there was no evidence whatsoever before the trial judge upon which to adjudicate appellant in contempt. In Lundregan v. Lundregan, 102 U.S.App.D.C. 259, 252 F.2d 823 (1958), the United States Court of Appeals decided that a commitment for contempt is not valid, unless the trial court makes specific findings that the husband has (1) failed or refused to make the requisite maintenance payments and (2) has the ability to do so. In the majority opinion, written by Judge Fahy with the concurrence of the late Chief Judge Prettyman, it was stated:

. . . The rule that a decree of court . . . must be obeyed until set aside by judicial process, is not deemed aplicable because of the Congressional policy against imprisonment for debt except where Congress has explicitly provided therefor.[2]

The thrust of this holding was sharpened by the dissenting opinion of Judge Bastian who pointed out that the support order itself had not been challenged and that the allegations in the motion to adjudge in contempt were undenied, no answer having been filed by the husband.

The *Lundregan* holding was followed in Truslow v. Truslow, D.C.App., 212 A.2d 763 (1965). There the evidence respecting ability to pay was in conflict. While declining to pass upon its sufficiency when the contempt order was appealed, this court concluded that in the absence of a specific finding with respect to ability to pay, the order of commitment was fatally defective.

Applying these principles to the case now before us, we note that the motions judge in the supplementary form attached to his memorandum did make the two essential findings. There remains for consideration the contention that such findings are not supported by the record, no testimony having been taken. In our opinion, it is not necessary that a finding must

2. Lundregan v. Lundregan, 102 U.S.App.D.C. 259 at 260, 252 F.2d 823 at 824. (Footnote omitted.)

be founded on oral or documentary evidence. An admission in the pleadings, an uncontradicted affidavit, or a stipulation, will ordinarily suffice. Accordingly, we hold that the quoted affidavit of the wife, incorporated into the motion for contempt and presented to this court in appellee's counter-designation of record, provides an adequate basis for the finding of a failure or refusal to pay.

The matter of discovering support in the record for the finding of ability to pay presents more difficulty. Nothing in the hearing, or in any of the papers certified to this court on appeal, discloses facts with respect to what wages, property, or other financial resources were available to appellant at any stage of the contempt proceeding. There is no reference to his occupation. We do not even know whether he is currently employed.

The court's finding on ability to pay was apparently based on its observation in the memorandum preceding its order to the effect that ". . . defendant has not alleged any inability to pay, nor . . . has he sustained his burden of demonstrating any valid legal basis for nonpayment." As this was an accurate summary of the record, we cannot say that the court's ultimate deduction was unreasonable or illogical, particularly as appellant's motion to vacate the maintenance decree might have received more favorable consideration had the defense of financial inability been advanced in his papers or oral argument.

The real question then is whether these considerations constitute a valid legal basis for the challenged finding, for it rests implicitly on the assumption that once ability to pay has been established in the basic order setting forth the amount and rate of the requisite support payments, a husband has the burden in a subsequent contempt proceeding of proving his financial inability to comply with such order. An examination of the authorities reveals that the trial court's understanding of the law of this jurisdiction was correct, for this court has expressly held on at least two occasions that in the absence of such proof, trial courts have a duty to adjudicate noncomplying spouses in contempt, Suber v. Suber, D.C.App., 195 A.2d 411 (1963), Johnson v. Johnson, D.C.App., 195 A.2d 406 (1963).

These decisions are not inconsistent with the principles enunciated in the *Lundregan* case, *supra*, because the majority opinion contains this sentence—

In the present case neither the underlying order of the District Court for the payment of money for maintenance of the minor children nor the commitment order itself rests upon the necessary finding that the husband has failed or refused to maintain his wife and minor children although able to do so. . . . [102 U.S.App.D.C. 259, at 260–261, 252 F.2d 823, at 824–825.]

The cross-reference to "underlying order" must be read as referring to the original order requiring payment of maintenance and support because D.C.Code 1967, § 16–916 provides for maintenance of wife and minor children only in cases where the husband fails to maintain them "although able to do so."

In this particular case, the "underlying order" was one issued by the old Court of General Sessions on May 23, 1968, entitled "Judgment for Separate Maintenance". We have taken judicial notice of the record in that case [3] and have ascertained that the trial court did inquire into the current earnings of the parties, made subsidiary findings with respect thereto, and an ultimate finding on the husband's ability to make certain support payments.

Accordingly, we find no error in the adjudication of contempt, and affirm such order without prejudice to appellant's renewal of his motion to vacate or modify

3. Wines v. Wines, Civil Action No. D–1618–67.

the original order if supported by evidence of changes in the financial circumstances of the parties.[4]

Affirmed.

---

4. *See* Mumma v. Mumma, D.C.App., 280 A.2d 73, 76–77 (1971), on the use of income tax returns in such proceedings.