**Richard N. LANGLEY, Appellant,**

v.

**Tammy KORNEGAY, Appellee.**

**No. 91–FM–988.**

District of Columbia Court of Appeals.

Argued Dec. 15, 1992.

Decided Feb. 19, 1993.

Mitchell Linde, with whom Michael Stern was on the brief, for appellant.

Rosalyn Calbert Groce, Asst. Corp. Counsel, with whom John Payton, Corp. Counsel, and Charles L. Reischel, Deputy Corp. Counsel, were on the brief, for appellee.

Before STEADMAN, SCHWELB and SULLIVAN, Associate Judges.

STEADMAN, Associate Judge:

This is an appeal from an order holding appellant in contempt of court for failure to comply with a child support order of $38 per week. As a sanction, the trial court imposed a jail term of eighty days, but provided that appellant could purge the jail term at any time by paying the full amount of accrued but unpaid child support pay-

ments, which totaled $1909. Because no finding was made that appellant had the present ability to pay that accrued sum, we must set aside the contempt sanction imposed.

■ In entering its order of contempt, the trial court made an explicit finding that appellant had the ability to make the $38 weekly payments. Appellant's ability to pay is a factual question and as such cannot be disturbed by this court unless it is "plainly wrong or without evidence to support it." D.C.Code § 17–305(a) (1989); *Smith v. Smith*, 427 A.2d 928, 929 (D.C. 1981).[1] Furthermore, " '[t]he decision whether to hold a party in civil contempt is confided to the sound discretion of the trial judge, and will be reversed on appeal only upon a clear showing of abuse of discretion.' " *District of Columbia v. Jerry M.*, 571 A.2d 178, 191 (D.C.1990) (quoting *D.D. v. M.T.*, 550 A.2d 37, 44 (D.C.1988)). It has long been established that the trial court must predicate a finding of civil contempt for failure to obey a child support order on a finding that the contemnor had the ability to comply with the order (to pay the amount required). *See, e.g., Smith, supra*, 427 A.2d at 931–32; *Truslow v. Truslow*, 212 A.2d 763, 764 (D.C.1965); *Lundregan v. Lundregan*, 102 U.S.App.D.C. 259, 260–61, 252 F.2d 823, 824–25 (1958). Applying these principles in light of the record here, we conclude that the evidence, although thin, is sufficient to sustain the order finding appellant to be in civil contempt.[2]

■ The overriding difficulty is with the terms of the sanction. Appellant argues that since in fact he could not then pay the full amount of accrued child support payments, he was effectively punished for criminal contempt without the requisite procedures being followed.[3] The critical features of the determination of whether a particular proceeding is civil or criminal in nature "are the substance of the proceeding and the character of the relief that the proceeding will afford." *Hicks v. Feiock*, 485 U.S. 624, 631, 108 S.Ct. 1423, 1429, 99 L.Ed.2d 721 (1988). " 'If it is for civil contempt the punishment is remedial, and for the benefit of the complainant. But if it is for criminal contempt the sentence is punitive, to vindicate the authority of the court.' " *Id.* (quoting *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 441, 31 S.Ct. 492, 498, 55 L.Ed. 797 (1911)). In *Hicks*, which involved facts somewhat similar to the instant case, the Court stated that

[a]ny sentence "must be viewed as remedial," and hence civil in nature, "if the court conditions release upon the contemnor's willingness to [comply with the order]." By the same token, in a civil proceeding the court "may also impose a determinate sentence *which includes a purge clause.*"

*Id.* 485 U.S. at 634, 108 S.Ct. at 1431 (quoting *Shillitani v. United States*, 384 U.S. 364, 370, 86 S.Ct. 1531, 1536, 16 L.Ed.2d 622 (1966) (internal citations omitted) (emphasis in original)). The Court went on to assert that "[i]f the relief imposed here is in fact a determinate sentence with a purge clause, then it is civil in nature." *Id.* 485 U.S. at 640, 108 S.Ct. at 1434.[4]

1. As appellant acknowledges, he bore the burden in a civil contempt action to show inability to pay or other reason for noncompliance. *Smith, supra*, 427 A.2d at 932.

2. We note that at no time during the proceedings did appellant file a written motion to reduce the required weekly support payments, and the trial court committed no abuse of discretion in declining to deal with appellant's oral request to that end at a contempt hearing for past noncompliance. See Super.Ct.Dom.Rel.R. 7(b)(v).

3. In particular, he argues that in criminal contempt, the burden would be upon the government to prove his guilt beyond a reasonable doubt. *See Hicks v. Feiock*, 485 U.S. 624, 632, 108 S.Ct. 1423, 1429–30, 99 L.Ed.2d 721 (1988); *In re Gorfkle*, 444 A.2d 934, 939 (D.C.1982). He also argues that he could not be compelled to testify as a witness for the government, as happened here. *See Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 444, 31 S.Ct. 492, 499, 55 L.Ed. 797 (1911).

4. In *Hicks*, the Court found that the trial court had not specified whether respondent could have purged the determinate sentence by paying the accumulated prior payments. The case was therefore remanded to make this determination. The Court held that "[i]f on remand it is found that respondent would purge his sentence by

■ It is not merely any purge clause which was contemplated in *Hicks;* it was a purge clause that leaves it within the practical power of the contemnor to become free. If the contemnor does not have this power, there is, in effect, no purge clause at all. Without this power, the purge clause is invalid and the consequent determinate sentence is invalid as a sanction for civil contempt.

■ Therefore, before a trial court can properly impose a jail term with a purge clause purportedly as a sanction for civil contempt, it should make a separate finding that the contemnor has the actual ability to purge the jail term. Without such a finding, express or implied, this court cannot ascertain whether the trial court even considered appellant's ability to comply with the purge clause, and "[w]e may not supply a finding required for the validity of the commitment. We cannot say even that the court was aware of the necessity of ascertaining the facts requisite to the making of such a finding." *Lundregan, supra,* 102 U.S.App.D.C. at 261, 252 F.2d at 825 (internal footnote omitted) (failure to make finding of ability to comply with initial order of support). Other courts have addressed this issue and come to the same conclusion. *See, e.g., Brown v. Brown,* 610 So.2d 5 (Fla.Dist.Ct.App.1992) (" 'the court must make a separate, affirmative finding that the contemnor possesses the present ability to comply with the purge conditions set forth in the contempt order' " (quoting *Bowen v. Bowen,* 471 So.2d 1274, 1279 (Fla.1985))); *Fields v. Fields,* 74 Md.App. 628, 539 A.2d 708, 711–12 (1988) (civil contempt order invalid for lack of finding of ability to comply); *Schnabel Assocs. Inc., v. Bldg. & Constr. Trades Council,* 338 Pa.Super. 376, 487 A.2d 1327, 1338–39 (1985) (contemnor must have ability to purge himself of contempt and trial court must consider and make finding of contemnor's ability to do so).

Indeed, we think that such a result was clearly presaged, if not compelled, by our paying his arrearage, then th[e] proceeding is civil in nature." *Hicks, supra,* 485 U.S. at 641,

holding in *Truslow, supra,* 212 A.2d at 764–65. In *Truslow,* the appellant received a jail sentence for nonpayment of child support, with the condition that the appellant could purge the sentence by paying the arrearage. This court was concerned with the trial court's failure to make a finding that at that time the appellant had the ability to pay. *See also Johnson v. Johnson,* 195 A.2d 406, 407 (D.C.1963). Although we stressed that there must be a present ability to pay, the language is somewhat unclear as to whether the focus was on the ability to pay the arrearage or the ability to make current and future payments. The clear concern, however, was that the appellant not be imprisoned without a finding not only that he had failed to support his child but also that he was able to do so. The same holds true of the purge clause; appellant may not be imprisoned without a finding that he is presently able to free himself from prison by paying the arrearage. When such a finding is made, it is clear that if appellant remains in jail, it is not because he cannot purge his contempt sentence, it is only because he refuses to do what is necessary to purge the sentence.

■ All of the incidents of the contempt proceeding in the instant case were civil in nature. Appellant was called as a witness by the other side (which could not properly be done in a criminal proceeding), no criminal record was created for appellant, and the sanction imposed at least purported to be civil in nature. The trial court plainly intended to conduct a civil contempt proceeding. To that end, the trial court sentenced appellant to a sentence of "eighty days or until such earlier time as he shall purge himself of his contempt by paying" the full amount of arrearage.

As already indicated, a finding of civil contempt for nonpayment of child support must be accompanied by a finding of ability to comply with the child support order. Logically, the same requirement must extend to the purge clause. No such finding was made here, and while the record sup-

108 S.Ct. at 1434.

ports the finding of ability to comply with payments of $38 a week, it appears insufficient to suggest that appellant had the present ability to pay the full accrued amount.[5] $38 is vastly different from $1909. Serious liberty interests were at stake, and the outcome of civil contempt in child support proceedings should not be in practical effect imprisonment for debt. *Smith, supra,* 427 A.2d at 931 (citing *Lundregan, supra,* 102 U.S.App.D.C. at 260, 252 F.2d at 824).

Without the present ability to satisfy the purge clause, appellant did not "hold the keys to his jailhouse door," for the key that he had to hold was the ability to free himself by his own actions. The jail term imposed in this case, therefore, with no concomitant finding of ability to comply with the purge clause, was invalid. Accordingly, we set aside and declare invalid the sanction imposed by the trial court.[6]

*So ordered.*

---

5. Thus on this record we are unable to say that by implication, the trial court made such a finding by the very act of imposing the purge clause in what was clearly intended to be a civil contempt action. Furthermore, we are not dealing with a situation where appellant did not contest his ability to pay. Here, appellant challenged his ability to pay $38 per week, much less $1909. We think the issue of the validity of the sanction was properly preserved for appeal.

6. Appellant has already served his eighty-day jail sentence. He never requested from this court a stay pending appeal. Therefore, we can afford him no practical relief other than to declare the invalidity of the sentence.